THOMAS W. GRIFFITH, *Appellant*, v. JOHN G. HENDERSON, *Appellee*.

1. When a replication is filed to an answer in equity, it puts in issue all the matters alleged in the bill of complaint that are not admitted by the answer, as well as those matters contained in the answer that are not responsive to the bill of complaint. Matters set up in the answer that are not responsive to the bill, as new matters in opposition to or in avoidance of the allegations of the bill, must be proved by the defendant.

2. Allegations of a bill of complaint in equity that are admitted by the answer are taken as true and require no proof. The material allegations of the bill of complaint that are denied by the answer, are to be proved by the complainant. The averments in the answer of new matter not responsive to the allegations of the bill of complaint, are to be proved by the defendant.

40

3. Where an equity cause is heard upon bill, answer and replication, after the time for taking testimony had expired, no testimony having been taken by either party, all the allegations of the bill of complaint that are admitted in the answer are taken as true and require no proof. Any material allegations of the bill that are denied by the defendant and are not proved, cannot avail the complainant. The averments in the answer of new matter not responsive to the bill that are not proven, cannot avail the defendant.

4. In a suit to enjoin the removal of timber from real estate, where the answer admits the title of the complainant to the land, the cutting and removing of the timber by the defendant and that the right to remove the timber claimed by the defendant is by virtue of a conveyance or lease alleged in the bill of complaint, the facts so admitted require no proof, and the complainant is entitled to a decree where the averments of new matter contained in the answer as to the right of the defendant to cut and remove the timber, are not established and the burden of proof is not cast upon the complainant.

5. Affirmative averments in an answer that are not required by the bill of complaint, that do not grow out of any transaction or facts alleged in the bill or admitted in the answer, and that are not inseparably connected therewith, constitute new matter not responsive to the bill of complaint and if not proved, cannot avail the defendant.

6. Where the answer in an equity cause sets up affirmative averments of new matter not stated or enquired of, and not inseparably connected with matter stated or enquired of, in the bill of complaint, and such new matter is in opposition to, or in avoidance of, the plaintiff's demand or claim of right, and a general replication is filed, such affirmative averments are of no avail to the defendant unless proven by independent testimony.

7. In proceedings to enjoin trespass for removing timber from land, where the defendant's claim of right as alleged in the bill of complaint is a conveyance or lease of the timber on the land acquired prior to the complainant's acquisition of title to the land, and it is alleged that the right of the defendant expired by its terms before suit was brought, and the conveyance or lease filed with the bill and admitted by the answer shows on

its face, that the defendant's right has expired, there is no admission of a present right in the defendant. Averments of new matter in the answer affecting the meaning of the lease that are distinct from, independent of, and not inseparably connected with the lease alleged in the bill of complaint, are not responsive to the bill, and are not a denial of the right of the complainant as alleged.

8. Where the essential allegations of a bill of complaint in equity are admitted by the answer, and the matters stated in the answer in defense or in avoidance of the complainant's right are new matter not responsive to the bill, and are not proven, and the allegations of the bill do not show a right in the defendant, but the allegations of the bill of complaint that are admitted in the answer do show a right in the complainant, he is entitled to a decree.

9. When a bill in equity does not show a *bona fide* claim of right in the defendant and the answer makes no such showing of right in the absence of proof to sustain it, equity is not relieved of jurisdiction.

This case was decided by Division A.

Appeal from the Circuit Court for Washington County.

### Statement.

On April 9, 1906, the appellee brought a bill in equity in the circuit court for Washington county for an injunction under the statute against the appellant for trespass to timber lands. The bill of complaint is sworn to and in brief alleges that John G. Henderson, the complainant, is the owner in fee simple of land described as the ne¼ of section 26, township 4 north, range 15 west, Washington county; that said land is valuable almost entirely for the pine timber growing thereon; that the complainant derives his title from the United States of America by virtue of the U. S. patent made to Martha J. Levins, and after the date of said

patent, the said Martha J. Levins intermarried with one John Wright, by deed of conveyance, conveyed said land to one J. W. Brock, and said J. W. Brock after-wards conveyed the land to complainant; that said original deeds have been duly recorded and together with said patent are therewith presented; that the defendant, T. W. Griffith, claims a right to cut the trees on said land and to remove the logs made from said trees, and is now daily engaged in cutting the pine trees on said land and engaged in removing the logs cut therefrom, to the great injury and loss of complainant; that he asserts an intention of continuing to cut said timber and remove said logs from the lands, and complainant verily believes he will do so unless enjoined; that the said Thomas W. Griffith has no right or title to said timber or any part of the same, and claims to have a lease made by the said J. M. Wright above mentioned; that said lease is submitted as a part hereof marked Exhibit "A;" that said lease has already expired by its terms on January 1, 1906. Temporary and perpetual injunctions were prayed for. The oath to the answer was waived, and the answer is not sworn to. A temporary injunction was granted.

The defendant, Thomas W. Griffith, in his amended answer admits that the complainant, John G. Henderson, has a deed conveying to himself as appears upon its face a fee simple title to the land, and that said title is deraigned in the manner alleged. Defendant avers in substance that the complainant acquired title to the land by a deed executed July 24, 1905, by J. W. Brock and his wife who is the daughter of complainant; that Brock acquired title to the land by means of a deed of convey-ance executed December 8, 1904, by John M. Wright and wife, the said John M. Wright having acquired title to the lands from the United States; that on June 17, 1901,

and prior to the conveyance by John M. Wright and
wife to Brock, the said Wright and wife conveyed to
M. M. Morrison and William H. Knowles, their heirs
and assigns, by deed of conveyance, all the merchantable
pine trees standing upon the said land, a copy of the
deed of conveyance being made a part hereof as Exhibit
"A;" that said timber deed was partly written and
partly printed; that thereafter the said M. M. Morrison
and William H. Knowles by a deed conveying to W. F.
Graves, J. E. Graves, J. J. McCullough, A. F. Tatom,
A. L. Tatom and W. M. Tatom, partners as Graves,
Tatom & Co., the timber standing upon said land; that
thereafter, on April 2, 1903, the said J. M. Wright and
wife executed to said Graves, Tatom & Co. a receipt for
$100.00 in full payment for all of said timber; that
thereafter said Graves, Tatom & Co. organized them-
selves into a corporation as Graves-Tatom Co., and con-
veyed the said timber standing upon said land to the
corporation; that thereafter on October 27, 1904, the
said Graves-Tatom Co. conveyed to defendant by deed
all its right, title and interest in and to all the timber
standing upon said land; that at the time of the execu-
tion of said deed from Wright and wife to Brock, the
said Brock had full knowledge of all the conveyances of
the timber standing upon the land, and that Brock has
at all times recognized the title of defendant, Thomas
W. Griffith, and his grantors, to the timber standing on
said land, and has at all times conceded the right of
defendant, Thomas W. Griffith, and those through
whom he deraigns his title to cut and remove said tim-
ber as well as to operate the same for naval stores pur-
poses; that the defendant, Thomas W. Griffith, desiring
fully to preserve his right to work the said timber for
naval stores purposes, and to cut and remove the same,
and the said J. W. Brock and wife desiring to perpetu-

ate the rights of the defendant, Thomas W. Griffith, to operate said trees for naval stores purposes and to cut and remove the same, on March 2, 1905, executed a deed of conveyance of said timber to defendant, Thomas W. Griffith, a copy of which is made part hereof as Exhibit "C;" that said last deed was partly printed and partly written; that the lease referred to in Exhibit "C," is the same as the timber deed marked Exhibit "A;" that the blanks were filled in in the latter part of Exhibit "C" merely because the blanks were left, and without any intention of preserving to the grantors any right whatever; that both Brock and wife and the defendant at the time of the execution of Exhibit "C" understood that the defendant, Thomas W. Griffith, was the owner of the timber standing upon the land; and had the right at any time to cut and remove the same; that the said blanks in Exhibit "C" were not filled in with any intention either upon the part of Brock and wife or defendant, of serving or conceding any right in Brock and wife in said timber, or as to the timber being cut and removed, but that the same was filled in for the sake of completeness and at the instance and for the benefit of the defendant, Thomas W. Griffith; that at the date of the conveyance of the land by Brock and wife to complainant, the complainant was fully advised that said timber upon the land had been conveyed by Brock and wife to defendant; that complainant was fully advised of the conveyance of the standing timber by Wright and wife to Morrison and Knowles; that on July 24, 1905, and for many weeks continuously prior and subsequent thereto, and during the negotiations between complainant and his grantor, Brock, for the purchase of the land, the defendant, Thomas W. Griffith, was working and causing to be worked for him for turpentine purposes the timber growing and being upon the said

land, and was engaged in chipping said trees and in extracting the turpentine therefrom for naval stores purposes under a claim of ownership to the said timber under the conveyances marked exhibits "A" and "C;" that in the working of said timber as aforesaid, this defendant has had several employes engaged in working said timber; that the lands are wild and unoccupied lands and at all times have been, except in so far as they have been occupied and worked for turpentine purposes by defendant as aforesaid; that the complainant at the time of his purchase of the land from Brock and at the time of taking the deed of conveyance from Brock to the land, knew that defendant was engaged in chipping the trees on the land and in extracting the turpentine therefrom; that in taking the deed marked Exhibit "C," it was not the intention either of Brock or defendant to do anything in disparagement of defendant's title acquired from Wright and wife through M. M. Morrison and William H. Knowles and Graves-Tatom Co., but it was the intention of Brock and defendant to place the claim of defendant to said timber beyond all question. Defendant denies that said land is valuable only for the timber thereon, but alleges that the land is worth five dollars per acre for the soil alone, without reference to the timber thereon, and that the price paid by complainant for said land was paid for the land without reference to the timber thereon, the complainant knowing full well at the time of the purchase that he was not acquiring title to the timber upon said land. Defendant admits that he was up to the time the injunction was granted herein, having the timber cut and removed from the land as he had a right to do under and by virtue of the said conveyance to him of said timber. Defendant avers that the form of the conveyance marked Exhibit "C" was one in common use by land owners

and lessees and grantors, and was provided for use in cases where the grantor had leased the timber to be operated for turpentine purposes to one party and thereafter and before the expiration of the lease conveyed the timber to another party; that it was intended in and by the said form to preserve the lessee's right to operate the timber for turpentine purposes from the period specified in the lease before the grantee of the timber should be allowed to cut and remove the timber; that at the time of the execution of the instrument marked Exhibit "C" it was not deemed necessary to strike out the words printed in the form as follows: "but whereas the timber on the above described lands has heretofore been leased to," but was merely filled in for completeness, as aforesaid; that there was no lease of said trees upon said land to any person whomsoever at any time prior to or subsequent to the execution of the instrument marked Exhibit "C," save and except the instrument marked Exhibit "A." The answer contains no general denial of the allegations of the bill of complaint.

Exhibit "A" made a part of the bill of complaint, and also of the answer, is as follows:

"THE STATE OF FLORIDA,

WASHINGTON COUNTY.

Know all men by these presents, that we, J. M. Wright and Martha Jane Wright, in consideration of twenty ($20.00) dollars to us in hand paid, the receipt whereof is hereby acknowledged, do grant, bargain, sell and convey unto M. M. Morrison and Wm. H. Knowles, their heirs and assigns, all the merchantable pine trees now standing upon the below described lands in Washington county, state of Florida, to-wit: northeast quarter (ne¼) of section twenty-six (26) township four (4) north of range fifteen west. Said M. M. Morrison and Wm. H. Knowles agree to pay one and one-half

(1½) cents per cubic foot for said timber when cut and measured at their mill or elsewhere. Rights of said Morrison & Knowles to begin at expiration of turpentine lease January 1st, 1902, giving and granting unto the said M. M. Morrison, their heirs and assigns the right at any time within four years from this date to enter upon said land and cut and haul said trees off said land, and the exclusive right to build and operate tram roads, ditches or railroads through said lands, and to haul timber from adjacent lands across the above described land.

We warrant title of land and its freedom from incumbrance.

Witness our hands and seals this 17th day of June, A. D. 1901.

J. M. WRIGHT          (L. S.)
MARTHA JANE WRIGHT (L. S.)

Signed, sealed and delivered in presence of
B. B. Campbell.
H. D. Brock.

On the back whereof appeared the following.

The state of Florida, Washington county. Before the subscriber personally appeared J. M. Wright and Martha Jane Wright, wife of the said J. M. Wright, both known to me to be the individuals described, and acknowledged and declared that they executed the foregoing instrument for the uses and purposes therein set forth. And the said Martha Jane Wright upon a separate examination by me held separate and apart from her said husband, acknowledged and declared that she executed the same freely and voluntarily and without any fear or appellation, compulsion or constraint of or from her said husband, and for the purpose of renouncing and relinquishing all her rights of any kind in or to the property thereby conveyed.

Given under my hand and official seal this 17th day of June, 1901.

G. B. CAMPBELL, N. P.

April 2, 1903. Received of Graves-Tatom Company one hundred dollars ($100.00) in full payment for all timber and privileges covered by Morrison's lease on my land.

Witness,

A. M. BRADY.

J. M. WRIGHT,

M. J. LEVETT,

M. J. WRIGHT.

For value received we hereby transfer all our rights, title and interest to the within lease to Thos. W. Griffith. This the 27th day of October, 1904.

GRAVES-TATOM COMPANY,

Per W. F. Graves, President.

Filed for record and recorded this 20th day of June, A. D. 1901, in volume 2 on page 222 and verified.

W. C. LOCKEY,

Clerk Ct. Ct. Washington County, Florida."

On an application to dissolve the temporary injunction a number of affidavits were submitted by both parties. The motion to dismiss was denied. The complainant on May 7, 1906, filed a replication to the answer. The cause was set down for hearing on bill, answer and replication after the expiration of the time for taking testimony, and no testimony was taken. A perpetual injunction was granted from which the defendant took an appeal and assigns as errors a refusal to dismiss the bill of complaint and the granting of the perpetual injunction against the defendant.

*Maxwell & Reeves,* for appellant;

*Benj. S. Liddon,* for appellee.

WHITFIELD, J., (*after stating the facts.*)—The bill of complaint alleges that the complainant has a fee simple title to the timbered land, that the defendant is cutting and removing the timber from the land, and that the defendant has no right or title to the timber, but claims to have a certain lease on said timber, which lease has expired, a copy of the lease marked Exhibit "A" being made a part of the bill of complaint. The answer admits the title of the complainant to the land as alleged, and admits the cutting and removing of the timber from the land by the defendant by virtue of the conveyance of lease Exhibit "A" alleged in and made a part of the bill of complaint, but seeks to avoid the allegation of the bill that the right or title of the defendant under the conveyance or lease had expired, by averring facts and circumstances which when taken with the conveyance or lease will, it is claimed, show the right of the defendant to cut and remove the timber from the land.

A general replication was filed May 7, 1906, and the parties were given an opportunity to take testimony as the burden of proof required. Three months are allowed by circuit court equity rule 85 for taking testimony after a cause is at issue.

When a replication is filed to an answer, it thereby puts in issue all the matters alleged in the bill of complaint that are not admitted by the answer, as well as those matters contained in the answer that are not responsive to the bill of complaint. Matters set up in the answer that are not responsive to the bill, as new matters in opposition to or in avoidance of the allegations of the bill, must be proved by the defendant. Pinney v. Pinney, 46 Fla. 559, 35 South. Rep. 95, text 100; Orman, Admr. v. Barnard, 5 Fla. 528; Parken v. Safford, 48 Fla. 290, 37 South. Rep. 567.

The allegations of the bill of complaint that are ad-

mitted by the answer are taken as true and require no proof.   16 Cyc. 371; 1 Ency. Pl. & Pr., 927.   The material allegations of the bill of complaint that are denied by the answer are to be proved by the complainant. Gibson's Chancery, §443.   The averments in the answer of the new matter not responsive to the allegations of the bill of complaint are to be proved by the defendant.   See Fletcher's Eq. Pl., §637; Pinney v. Pinney, *supra*.

The cause having been heard February 9, 1907, upon bill, answer and replication, after the time for taking testimony had expired, no testimony being taken by either party, all the allegations of the bill of complaint that are admitted in the answer are, of course, taken as true and required no proof.   Patrick v. Kirkland, 53 Fla. 768, 43 South. Rep. 969.   Any material allegations of the bill of complaint that are denied by the defendant not being proven, cannot avail the complainant.   The averments in the answer of new matter not responsive to the bill are not proven and cannot avail the defendant.   See Beach's Mod. Eq. Pr. §367.   On such a hearing the admissions in the answer bind the defendant, the denials in the answer bind the complainant, and the new matter in the answer not responsive to the bill is eliminated.

The answer admits the title of the complainant to the land, the cutting and removing of the timber by the defendant, and that the defendant claims title to the timber and the right to cut and remove it from the land by virtue of the conveyance or lease alleged in the bill of complaint. These are the essential allegations of the bill of complaint, and being admitted, required no proof; and the complainant was entitled to a decree unless the affirmative averments of other matters contained in the answer established the right of the defendant to cut and remove the timber from the land, or unless such averments cast upon

the complainant the burden of disproving them to entitle complainant to a decree. The conveyance or lease alleged in the bill of complaint and admitted in the answer does not on its face show a clear right in the defendant to cut and remove the timber from the land. See 10 Ency. Pl. & Pr. 1056; Morris Canal Co. v. Matthiesen, 17 N. J. Eq. 385; Clum v. Brewer, 2 Curtis (U. S.) 506.

The allegation in the bill of complaint that the defendant had no right or title to the timber on the land is followed by an allegation that the defendant claims the right to the timber under a lease, which lease is alleged to have expired before the suit was brought. The answer admits the defendant's claim of title to the timber under the conveyance or lease alleged in the bill of complaint, and affirmatively avers that the conveyance or lease when taken in connection with other matters stated in the answer but not alleged in the bill of complaint, give the defendant the title to and the right to cut and remove the timber from the land. These affirmative averments are not necessarily required by the bill of complaint, do not grow out of any of the transactions or facts alleged in the bill or admitted in the answer, and are not inseparably connected therewith, therefore such averments constitute new matter, not responsive to the bill of complaint, and not being proved cannot avail the defendant. See Jacksonville Loan & Imp. Co. v. Maxwell, 45 Fla. 425, 34 South. Rep. 255. See, also, Carter v. Bennett, 6 Fla. 214; Tyler v. Toph, 51 Fla. 597, 40 South. Rep. 624; McGourin v. DeFuniak Springs, 51 Fla. 502, 41 South. Rep. 541.

Where the answer in an equity cause sets up affirmative averments of new matter not stated or inquired of, or not inseparably connected with matter stated or in-

quired of, in the bill of complaint, and such new matter is in opposition to, or in avoidance of, the plaintiffs' demand or claim of right, and a general replication is filed, such affirmative averments are of no avail to the defendant unless proven by independent testimony.   Daniel's Chan. Pl. & Pr. (6th Am. Ed.) p. 845, and authorities cited; Clements v. Moore, 6 Wall. (U. S.) 299; McCoy v. Rhodes, 11 How. (U. S,) 131.

The allegation in the bill of complaint that the defendant had no right or title to the timber on the land is not denied, and the answer contains no general denial of the allegations of the bill of complaint.   The only denial in the answer is as to the value of the land for the timber.

It is insisted that the narration of facts in the answer is a denial that the alleged right of the complainant set forth in the bill ever did exist, and is therefore responsive to the bill, even though the answer contains any number of independent facts and even though there is no direct denial *in haec verba* of any allegation of the bill of complaint.   The argument is that the bill of complaint admits a severance of the timber from the land by a conveyance of the timber prior to the acquisition of complainant's title to the land, therefore if the matter contained in the answer constitutes a defense, it is not because it avoids a prior existing right in the complainant, but because it denies the acquisition by the complainant of any right in the timber.

The instrument made a part of the bill of complaint as Exhibit "A" and referred to as a lease of the timber before complainant acquired title to the land, is the same instrument that is made a part of the answer as Exhibit "A" and therein referred to as a conveyance of the timber to defendant's predecessor in title, before the com-

plainant acquired title to the land, and such conveyance
or lease is set out in the statement.    Upon the face of
this lease or conveyance it appears to have expired by
its terms before suit was brought.    See McNair & Wade
Land Co. v. Adams, 54 Fla. 550, 45 South. Rep.

In equity causes denials in answers whether *in haec
verba* or in other terms should be direct, positive and un-
equivocal, and should not be averments of matters that
are distinct from or independent of allegations of the
bill of complaint, unless such matters are inseparably con-
nected with matters called for or required by the bill of
complaint.

The defendant's claim of right as alleged in the bill
of complaint is a title to the timber on the land acquired
prior to the complainant's acquisition of title to the land;
but it is alleged that such right of the defendant expired
by its terms before the suit was brought for injunction.
This does not admit a right in the defendant.    The an-
swer admits the title of the complainant to the land as
alleged, but avers that prior to the acquisition by the
complainant of the title to the land the defendant ac-
quired title to the timber on the land by the conveyance
or lease alleged in the bill of complaint, which lease, it
is averred, has not expired because of other matters
stated in the answer; and the answer avers that as com-
plainant had notice of and recognized the defendant's ti-
tle to the timber when complainant acquired title to the
land, the defendant's title to the timber is prior to and ex-
clusive of the complainant's title thereto.    The lease al-
leged in the bill of complaint does not upon its face
clearly show a right in the defendant, but on the contrary
shows the defendant's right has expired; and as the other
matters stated in the answer as to the meaning and effect
of the lease are distinct from, independent of and not in-
separably connected with the lease alleged in the bill of

complaint, such matters are not responsive to the bill and are not a denial of the right of the complainant as alleged.    See Carter v. Bennett, 6 Fla. 214.

The result is the essential allegations of the bill of complaint are admitted by the answer, and the matters stated in the answer in defense or in avoidance of the complainant's right are new matter not responsive to the bill and are not proven; the allegations of the bill do not show a right in the defendant to cut and remove the timber from the land, but the allegations of the bill of complaint which are admitted by the answer do show a right in complainant that entitles him to a decree. Lainhart v. Burr, 49 Fla. 315, 38 South. Rep. 711.

The bill of complaint does not show a *bona fide* claim of right or title by the defendant to the timber on the land, and the answer makes no such showing of the defendant's claim of right or title to cut and remove the timber from the land, as, in the absence of proof to sustain it, will relieve the court of equity of jurisdiction of the cause.

The decree is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.