E. L. WATSON, *Appellant*, v. J. A. BAIR, *et al., Appellees.*

Opinion Filed February 7, 1917.

1. When a replication is filed to an answer in equity, it puts in issue all the matters alleged in the bill of complaint that are not admitted by the answer, as well as those matters contained in the answer that are not responsive to the bill of complaint. Matters set up in the answer that are not responsive to the bill, as new matters in opposition to or in avoidance of the allegations of the bill, must be proved by the defendant.

2. Allegations of a bill of complaint in equity that are admitted

by the answer are taken as true and require no proof. The material allegations of the bill of complaint that are denied by the answer, are to be proved by the complainant. The averments in the answer of new matter not responsive to the allegations of the bill of complaint, are to be proved by the defendant.

3. Where an equity cause is heard upon bill, answer and replication, after the time for taking testimony had expired, no testimony having been taken by either party, all the allegations of the bill of complaint that are admitted in the answer are taken as true and require no proof. Any material allegations of the bill that are denied by the defendant and are not proved, cannot avail the complainant. The averments in the answer of new matter not responsive to the bill that are not proven, cannot avail the defendant.

4. When a general replication is filed to an answer in chancery, it thereby puts in issue all the matters alleged in the bill and denied in the answer, and it is incumbent upon the complainant to prove all such matters by at least a preponderance of the evidence, the oath to the answer being waived.

5. On a final hearing of a cause in equity upon bill, answer and replication, after the time for taking testimony has expired, every averment in the answer responsive to the bill is taken as true.

6. Affirmative statements in an answer that are not required by the bill of complaint, that do not grow out of any transaction or facts alleged in the bill or admitted in the answer, and that are not inseparably connected therewith, constitute new matter not responsive to the bill of complaint and if not proved, cannot avail the defendant.

7. Where the answer in an equity cause sets up affirmative averments of new matter not stated or enquired of, and not inseparably connected with matter stated or enquired of, in the bill of complaint, and such new matter is in opposition to, or in avoidance of, the plaintiff's demand or claim of right, and a general replication is filed, such affirmative averments are of no avail to the defendant unless proven by independent testimony.

8.  Where an answer is confined to such facts as are necessarily
    required by the bill, and those inseparably connected with
    them, forming a part of one and the same transaction, the
    answer is responsive to the bill, as well when it discharges,
    as when it charges, the defendant.

9.  Where a complainant in an equity suit fails to sustain the bur-
    den of proof cast upon him by the law, a decree is properly
    rendered in favor of the defendants and the bill ordered
    dismissed.

Appeal from Circuit Court for Alachua County; J.
T. Wills, Judge.

Decree affirmed.

### *Statement.*

E. L. Watson filed his bill in chancery against J. A
Bair and Francés A. Bair, which, omitting the caption, is
as follows:

"Your orator, E. L. Watson, of Alachua County,
Florida, brings this his bill of complaint against J. A.
Bair and Frances A. Bair, his wife, of Alachua and Put-
nam Counties, respectively, Florida, and thereupon your
orator complains and says:

"That on the 4th day of December, 1913, your ora-
tor recovered a judgment against the American Pecan
Company, a Delaware corporation, in the sum of $1,250,
and costs taxed at $14.43, which said judgment was so re-
covered upon a certain promissory note given by said
American Pecan Company to your orator for the sum of
$1,000.00, due and payable sixty days after the 5th day
of July, 1912, the date said note was given, with interest
after maturity at 10 per cent per annum until paid; that
your orator is now and has been all the while the owner

of said judgment and the same remains entirely unsatisfied; that execution was duly and regularly issued on said judgment and placed in the hands of the sheriff of Alachua County to make levy on and satisfy same out of the properties of the said American Pecan Company, defendant therein, but that said execution was ·returned by the said Sheriff wholly unsatisfied, the said Sheriff certifying on said execution that he could find no property of the American Pecan Company whereon to levy to make any part of the amount of said judgment and execution.

"Your orator further represents unto your Honor that J. A. Bair, defendant herein, was President of the said American Pecan Company, and the owner of all of its capital stock; that the capital stock of said corporation is $100,000.00 and the said J. A. Bair is the owner of same; that the said J. A. Bair has not paid into the treasury of said corporation the full amount of said capital stock, and that the amount now due said corporation by the said J. A. Bair is an amount far in excess of the sum necessary to satisfy your orator's said judgment and execution;. that under the laws of this State your orator has a right to proceed against the said J. A. Bair by his said execution and satisfy same out of any property belonging to said J. A. Bair to an amount sufficient to satisfy said judgment and. execution from the sum remaining unpaid on the capital stock of said corporation owned by said J. A. Bair, but the said J. A. Bair has no property in his own name which can be. reached by said execution, that the Sheriff of Alachua County has made return on said execution.that no property of said J. A. Bair can be found in Alachua County, Florida, whereon to levy and make sale thereunder to satisfy same.

"Your orator further ·showeth that on the 9th day of October, 1914, there was filed in the office of the Clerk

of Circuit Court of Alachua County, Florida, a deed of conveyance from one J. R. Liddell and Mary H. Liddell, his wife, of Wilcox County, Alabama, purporting to convey to Frances A. Bair, defendant herein, and wife of J. A. Bair, defendant, upon a consideration of $7,000.00, the following described lands:

"Being in the City of Gainesville, Alachua County, Florida, particularly described as being situate in Southern part of Sec. 31, T. 9 S. R. 20 E. and in Northern part of Sec. 6, T. 10 S. R. 20 E. bounded by a line commencing at a stake at southwest corner of Lot 24 of Hill's sub-division of the North half of Sec. 6, T. 10 S. R. 20 E. map of which is recorded on page 500 of Deed Book P, Public Records of Alachua County, Florida, and running thence North 19.68 chs. to a stake at northwest corner of Lot 41 and on Township line dividing Townships 9 and 10, thence north into Sec. 31, T. 9 S. R. 20 E. 5.50 chs. to a stake in the middle of Rattlesnake Branch, thence eastward of the run of said branch following meander of same to a stake where it strikes the Township line between Townships 9 and 10, thence west along said Township line 1.70 chs. to a stake at the northeast corner of Lot 44 of above mentioned sub-division, thence south 19.68 chs. to a stake at southeast corner of Lot 49, thence west 24.86 chs. to place of beginning, containing 58 acres more or less, being the same lands described in Deed Book 69 at page 309, Public Records of Alachua County, Florida; said deed being recorded in Deed Book 95 at page 49, Public Records of Alachua County, Florida.

"That said deed is a fraudulent conveyance to Frances A. Bair, wife of the said J. A. Bair, for the purpose of preventing your orator from making levy on the lands described therein to satisfy his said execution and judg-

ment; that said Frances A. Bair paid no part of the consideration for said lands so conveyed, and that same does not in truth and in fact belong to her, but same are the lands of J. A. Bair but held in her name for the purpose of hindering, delaying and defrauding the creditors of the said J. A. Bair and particularly your orator; that J. A. Bair is the rightful owner of said lands; that it was his money which paid for same, and not that of Frances A. Bair; that at the time of said conveyance the said J. A. Bair was in embarrassed circumstances.

"Your orator further showeth unto your Honor that said property ought in equity and good conscience be applied to the satisfaction of your orator's said judgment and execution under the laws of Florida, but the defendants refuse to so apply the same, and your orator is without remedy save in a Court of Equity where matters of this sort are cognizable, and it would so appear that said proprty ought to be applied to the satisfaction of your orator's said execution and judgment and if the defendants herein would set forth and discover fully and particularly all the facts, circumstances, agreements, and understandings in regard to same, which your orator prays this court to compel them to do.

"WHEREFORE your orator prays that the said Frances A. Bair be decreed to hold said property in trust as the property of the said J. A. Bair and that a Master in Chancery be appointed by your Honor to sell said property and apply the proceeds of said sale in the satisfaction of your orator's said execution and judgment as sales of real estate are conducted in chancery proceedings under the laws of this State; that said defendants be enjoined from making further or other transfers of said property.

"And may your orator have subpoena in chancery is-

suing out of and under the seal of this Honorable Court, directed to the defendants, J. A. Bair and Frances A. Bair, his wife, commanding them and each of them by a day certain and under a certain penalty therein prescribed, to appear before this Honorable Court and then and there full, true, direct and perfect answer make to this bill of complaint, but not under oath, such oath to answers being hereby specifically waived.

"And may your orator have such other and further relief in the premises as in equity may seem meet and to your Honor shall seem proper. And your orator will ever pray."

To this bill the defendants filed the following answer:

"The defendants, now and at all times hereafter, reserving all manner of benefit and advantage to themselves of exception to the many errors and insufficiencies in the bill of complaint, filed herein, contained, for answer thereto, or to so much or such parts thereof as the defendants are advised is material for them to make answer unto, they answer and say:

"The defendants admit that the complainant recovered a judgment against the American Pecan Company, a Delaware corporation, in the sum of a thousand dollars or more, the exact amount being unknown; that said judgment, in so far as the defendants are advised, has not been satisfied. The defendants further admit that J. A. Bair was President of the American Pecan Company and owner of the larger portion of the capital stock.

"These defendants admit that on the 9th day of October, 1914, a deed was filed in the office of the Clerk of Circuit Court of Alachua County, Florida, showing a conveyance of certain lands hereinafter described from J. R. Liddell and wife, Mary H. Liddell, and that said deed conveyed all interest in said lands to Frances A.

Bair, one of the defendants herein; that said considera-
tion for the following described conveyance was $7,000;
that said land described in said conveyance is partic-
ularly described in deed from J. R. Liddell and wife,
Mary H. Liddell, to Frances A. Bair and recorded Octo-
ber 9th, 1914, in Deed Book 95, at page 49 of the public
records of Alachua County, Florida; that said land is
described more particularly as follows, to-wit:

"Being in the City of Gainesville, in the County of
Alachua, and State of Florida, and particularly described
as being situated in the southern part of Sec. 31, T. 9 S.
R. 20 E. and in the northern part of Sec. 6, T. 10 S. R.
20 E. and bounded by a line commencing at a stake at
the southwest corner of Lot 24 of Hill's sub-division of
the north half of Sec. 6, T. 10 S. R. 20 E., map of which
is recorded on page 500 of Deed Book P in the office of
Clerk of Circuit Court, Alachua County, Florida, and
running thence north 19.68 chs. to a stake at the north-
west corner of Lot 41 and on the Township line divid-
ing Townships 9 and 10; thence north into Sec. 31, T. 9
S. R. 20 E. 5.50 chs. to a stake in the middle of Rattle-
snake Branch; thence eastward of the run of said branch
following the meanderings of the same to a point where
it strikes the Township line between Townships 9 and 10;
thence west along said Township line 1.70 chs. to a stake
at the northeast corner of Lot 44 of the above mentioned
sub-division; thence south 19.68 chs. to a stake at the
southeast corner of Lot 49; thence west 24.86 chs. to the
place of beginning, containing 58 acres of land, being
same land described in deed recorded in Deed Book 69 at
page 309 in the office of the Clerk of Circuit Court of
Alachua County, Florida.

"These defendants and each of them positively deny
that said deed is a fraudulent conveyance to Frances A.

Bair for the purpose of preventing the complainant, E. L. Watson, from making levy on the land described herein to satisfy his said execution and judgment. These defendants further state that the consideration paid for said land as described herein was made by Frances A. Bair out of her own separate estate; that James A. Bair had no interest in the money which was paid as the consideration for said conveyance from J. R. Liddell and wife, Mary H. Liddell, to Frances A. Bair. These defendants further deny that said lands conveyed as aforesaid are the lands of James A. Bair and they further deny that the same is held in the name of Frances A. Bair for the purpose of hindering, delaying and defrauding the creditors of the said J. A. Bair. These defendants further aver that Frances A. Bair is the rightful owner of said land; that it was her money which paid for the same and not the money of James A. Bair; that the defendant Frances A. Bair refuses to apply her separate estate to the payment of the judgment of the complainant herein as the same does not affect her separate estate, and that she is in no way liable for any debt or judgment secured against the American Pecan Company.

"These defendants further aver that the property conveyed from J. R. Liddell and wife, Mary H. Liddell to Frances A. Bair, was bought and paid for by money belonging to the said Frances A. Bair and that the said James A. Bair did not have at that time nor does he now have any interest in and to the same; that the said Frances A. Bair bought certain lands in the City of Palatka, County of Putnam, and State of Florida, from the Trustees of the Methodist Church, and also bought certain lands from the heirs of William Boyd; that said lands were bought by the said Frances A. Bair a long time prior to this suit, to-wit: The deed from the Trustees of

the Methodist described as deed dated the 29th day of March, A. D. 1910, the deed from the Boyd heirs described as deed dated the 16th day of November, A. D. 1911, and the 10th day of August, A. D. 1911; that the purchase price paid to the said ·J. R. Liddell and wife, Mary H. Liddell, for the lands herein described was made through a mortgage given by the said Frances A. Bair on her separate estate described in the above mentioned deeds; that said moneys derived from said mortgage were applied on the purchase price of said lands from J. R. Liddell and wife to the said Frances A. Bair; that the said James A. Bair has no interest in the lands upon wh'ch said mortgage was given or any interest in the moneys derived therefrom; that the said J. A. Bair has acted solely as the agent of Frances A. Bair in reference to any and all transactions pertaining to the Liddell conveyance.

"These defendants and each of them further deny that any fraud has been perpetrated or attempted to be perpetrated upon the complainant, E. L. Watson, herein; that said conveyance from said J. R. Liddell and wife, Mary H. Liddell, to Frances A. Bair, was made in good faith and with absolutely no intention to defraud the complainant herein; that said conveyance was made for a valid consideration, paid by the said Frances A. Bair to the said J. R. Liddell and wife, and that the said J. A. Bair had no interest in the consideration aforesaid nor has he any interest in the lands described in the said conveyance, but that said lands are the separate estate and property of the defendant, Frances A. Bair.

"That the deed from the Trustees of the Methodist Church to Frances A. Bair herein mentioned was recorded in the public records of Putnam County, Florida, on the 6th day of April, 1910, in Book of Deeds 53 at

pages 429-430; that the deed from the Boyd heirs were recorded, deed from Mary E. Boyd as attorney in fact, on November 18th, 1911, in the Book of Conveyances 56, at page 255 of the said public records of Putnam County, Florida; that the said deed from Mary E. Boyd to Frances A. Bair was recorded on the 12th day of August, A. D. 1911 in Book of Conveyances 56 at page 95 of the public records of Putnam County, Florida; that this property which forms one lot was bought by the said Frances A. Bair as shown by said deed and that the money paid therefor was her own separate property; that the said James A. Bair had absolutely no interest in said money; that the property described in the deeds aforesaid is the property which this defendant, Frances A. Bair, mortgaged to the Putnam National Bank of the City of Palatka for the purpose of raising the consideration which was paid to the said J. R. Liddell and wife for the conveyance by them to the said Frances A. Bair, and that the said James A. Bair had no interest in the said property nor the consideration thereof. All of which matters and things these defendants are ready to aver and prove as this Honorable Court shall direct, and pray to hence be dismissed with their reasonable costs and charges in this behalf most wrongfully sustained."

The answer was not under oath.

The usual general replication was filed and the complainant, after the time for taking testimony had expired, no testimony having been taken either by the complainant or the defendants, set the cause down for a final hearing upon the bill, answer and replication, which resulted in the rendering of a final decree in favor of defendants and the dismissal of the bill. From this decree the complainant has entered his appeal, the sole assign-

ment of error being that the court erred in rendering such final decree.

*E. G. Baxter* and *Thos. W. Fielding,* for Appellant;

*J. C. Calhoun* and *J. V. Walton,* for Appellees.

SHACKLEFORD, J., (*after stating the facts.*)—The following contention is made by the appellant in his brief: "Appellees answered the bill of complaint and confessed every material allegation therein, either expressly or by failure to deny; and appellees, by their answer, then proceeded to state matters by way of avoiding the allegations of the bill. That is, the appellees' answer is by way of confession and avoidance; and, therefore, it was incumbent upon the appellees to establish the matters set up by way of avoidance by a preponderance of the evidence."

Of course, if this contention is supported by the pleadings, as copied in the transcript of the record, the decree must be reversed. As we held in Griffith v. Henderson, 55 Fla. 625, 45 South. Rep. 1003:

"When a replication is filed to an answer in equity, it puts in issue all the matters alleged in the bill of complaint that are not admitted by the answer, as well as those matters contained in the answer that are not responsive to the bill of complaint. Matters set up in the answer that are not responsive to the bill, as new matters in opposition to or in avoidance of the allegations of the bill, must be proved by the defendant.

"Allegations of a bill of complaint in equity that are admitted by the answer are taken as true and require no proof. The material allegations of the bill of complaint that are denied by the answer, are to be proved by the complainant. The averments in the answer of new mat-

ter not responsive to the allegations of the bill of complaint, are to be proved by the defendant.

"Where an equity cause is heard upon bill, answer and replication, after the time for taking testimony had expired, no testimony having been taken by either party, all the allegations of the bill of complaint that are admitted in the answer are taken as true and require no proof. Any material allegations of the bill that are denied by the defendant and are not proved, cannot avail the complainant. The averments in the answer of new matter not responsive to the bill that are not proved, cannot avail the defendant."

As we read the answer of the defendants, we do not understand it as admitting all the material allegations of the bill, either expressly or by failure to deny, as the appellant contends, but construe it as a denial of material allegations, which, therefore, made it incumbent upon the complainant to prove the same by at least a preponderance of the evidence, in order to entitle him to a decree, the bill having expressly waived the oath to the answer. See Lykes v. Beauchamp, 49 Fla. 333, 38 South. Rep. 603, wherein we held:

"When a general replication is filed to an answer in chancery it thereby puts in issue all the matters alleged in the bill and denied in the answer, and it is incumbent upon the complainant to prove all such matters by at least a preponderance of the evidence, the oath to the answer being waived.

"On a final hearing of a cause in equity upon bill, answer and replication, after the time for taking testimony has expired, every averment in the answer responsive to the bill is taken as true." Also see Indian River Mfg. Co. v. Wooten, 55 Fla. 745, 46 South. Rep. 185,

and Langford v. Read, 69 Fla. 198, 68 South. Rep. 723. It is true, as we held in Griffith v. Henderson, *supra*:

"Affirmative averments in an answer that are not required by the bill of complaint, that do not grow out of any transaction or facts alleged in the bill or admitted in the answer, and that are not inseparably connected therewith, constitute new matter not responsive to the bill of complaint and if not proved, cannot avail the defendant.

"Where the answer in an equity cause sets up affirmative averments of new matter not stated or enquired of, and not inseparably connected with matter stated or enquired of, in the bill of complaint, and such new matter is in opposition to, or in avoidance of, the plaintiff's demand or claim of right, and a general replication is filed, such affirmative averments are of no avail to the defendant unless proven by independent testimony."

It is likewise true, as we held in Maxwell v. Jacksonville Loan & Imp. Co., 45 Fla. 425, 34 South. Rep. 255: "Where an answer is confined to such facts as are necessarily required by the bill, and those inseparably connected with them, forming a part of one and the same transaction, the answer is responsive to the bill, as well when it discharges, as when it charges, the defendant." Also see Southern Lumber & Supply Co. v. Verdier, 51 Fla. 570, 40 South. Rep. 676.

We are of the opinion that the complainant has failed to sustain the burden so cast by the law upon him, therefore the decree must be affirmed. See Pierce v. Brunswick & Balk Co., 23 Fla. 283, 2 South. Rep. 366; Ropes v. Jenerson, 45 Fla. 556, 34 South. Rep. 955, 110 Am. St. Rep. 79; Lykes v. Beauchamp, 49 Fla. 333, 38 South. Rep. 603.

Decree affirmed.

BROWNE, C. J., and TAYLOR, WHITFIELD and ELLIS, JJ., concur.