**H. A. STOLTENBERG v. W. R. HUGHES, et al., trading and doing business under the firm name of BROWARD GRAIN & SUPPLY OF BELLE GLADE.**

18 So. (2nd) 475                                      June Term, 1944
June 16, 1944                                              Division A
Rehearing Denied July 7, 1944

*Edwin T. Osteen,* for appellant.

*Elbert B. Griffis* and *Rogers, Morris & Griffis,* for appellees.

CHAPMAN, J.:

The basis of this appeal is a written agreement for deed signed by the parties. The terms and conditions of the trade, the description of the land, a merchantable title, and amount of the purchase price and time of payments, with other essentials of the trade, appear elaborately expressed and set forth in the agreement for deed. The appellant here is the owner and the appellees are the buyers. The land is situated in Palm Beach County.

The chancellor below heard the parties on the bill of complaint and the answer thereto, no testimony having been taken or offered by either of the parties, when a decree for the purchasers was entered, simultaneously correcting an error in the description of the land, and the decree challenged in this Court directed a specific performance of the several provisions of the written agreement for deed as signed by the parties. The defendant below appealed.

Counsel for appellant pose for adjudication the question viz: In a suit for specific performance on final hearing on bill and answer, after the time for taking testimony has expired, an allegation in the answer alleges the agreement sued upon was not a completed contract, is the plaintiff entitled to a decree against the defendant specifically performing the contract?

Section 63.40, Fla. Stats. 1941, (F.S.A.) provides that a plaintiff may, within ten days after filing an answer . . . move for a decree on bill and answer, and if the motion be overruled the plaintiff may have the right to proceed to trial . . . if the answer be found insufficient as a defense but amendable, the Court may permit it to be amended on terms and conditions as may be equitable.

It is settled law that on a hearing on bill and answer, after the time for taking testimony has expired, every allegation in the answer responsive to the bill of complaint is taken as true if there is only the bill and answer before the Court, and, if the answer denies all the material allegations of the bill, the issues are made by the denials, and a final decree should be entered against the party having the burden of proof. See Davis v. Wilson, 139 Fla. 698, 190 So. 716. Averments of

an answer responsive to the bill by way of avoidance must be proven by defendant. Whitaker v. Eddy, 109 Fla. 535, 147 So. 868. Allegations in an answer responsive to the bill on final hearing on bill and answer, are accepted as true. Watson v. Blair, 73 Fla. 255, 74 So. 317.

It is contended that the chancellor below, as a matter of law, under the issues made by the bill of complaint and the answer thereto was only authorized to dismiss the bill of complaint because the answer denied each and every the material allegations of the bill of complaint. Emphasis is placed on allegations of the answer to the effect that (1) the appellant signed the agreement for deed and accepted $500.00 as down payment with the understanding that his (appellant's) wife would subsequently sign the agreement, which she declined to do; (2) the title to the described property was not merchantable for various reasons; (3) the minds of the parties never met and for this reason a lawful contract of purchase and sale never was signed.

The answer to this contention is the allegations of paragraph II of the bill of complaint viz: "Plaintiffs agreed with the defendant to buy and the defendant agreed to sell the lands aforesaid, and in an attempt to put such agreement into writing thereupon made and executed a certain paper writing, a true copy of which is attached to the bill of complaint herein as Exhibit A, and made a part of this second amended bill by reference as if fully set forth herein. The said paper writing contains all of the terms of the said agreement except that the lands intended to be sold and purchased were erroneously and by inadvertence and mutual mistake of the parties therein misdescribed. . . . The said writing was signed in duplicate by the said defendant and by W. R. Hughes, one of the plaintiffs, on behalf of himself and his copartners, the other plaintiffs, by their knowledge, consent and authorization previously had and given, in the name of the copartnership, namely, viz: Broward Grain & Supply of Belle Glade, and was acknowledged by the defendant and the said W. R. Hughes before a notary public of the State of Florida and one of such duplicates delivered each to the other by the defendant and the plaintiffs. That the defend-

ant (appellant here) was paid by the plaintiffs the sum of $500.00 upon the execution and delivery of the said writing in partial performance of their said agreement." In light of the authorities, *supra,* it is our conclusion that the allegations of the appellant's answer were not responsive to the quoted portion of the bill of complaint and the ruling of the chancellor below on the posed question is free from error.

The next question posed for adjudication on the part of counsel for appellant is viz: In a suit for specific performance, where the contract was not signed by the appellant, should the plaintiff, as a condition precedent to bringing the suit, be required to tender into court the money due under the contract? The record, as we study it, fails to reflect a foundation for the propounded question. The allegations of the bill of complaint are in effect that the parties hereto signed the contract and each acknowledged their signatures thereto before a notary; that the sum of $500.00 was paid by the appellees to the appellant as required by a term thereof when the contract was signed by the parties. An appropriate allegation of the amended bill makes a copy of the contract bearing the signatures of the parties a part thereof.

The defendant below (appellant here) by an appropriate allegation of the answer, in effect states that the appellee did not sign the contract and for this reason plaintiffs below had no standing in court and it was the duty of the chancellor, under the law, to dismiss the bill of complaint. The fallacy of this contention is that the quoted portion of the answer, relied upon here, is new matter and not responsible to the bill of complaint. Evidence in support of this allegation should have been submitted to the chancellor. See Davis v. Wilson; Whitaker v. Eddy, and Watson v. Blair supra. We have examined the cited authorities to sustain appellant's position on Question No. 2, but hold they are not in point. We fail to find error in the record.

Affirmed.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.