57 So.2d 6 (1952)
STARLIGHT CORP. et al.
v.
CITY OF MIAMI BEACH et al.
Supreme Court of Florida, Division B.
January 4, 1952.
Rehearing Denied February 8, 1952.
*7 Sibley & Davis, Miami Beach, for appellants.
Ben Shepard, Miami, and Joseph Wanick, Miami Beach, for appellees.
CHAPMAN, Justice.
Chapter 23413, Special Acts of 1945, Laws of Florida, authorized the City of Miami Beach to construct and erect a hospital, a library, an auditorium and other public buildings on property owned by said city on what is commonly known as Miami Beach Municipal Golf Course. The City Council of Miami Beach adopted Resolution No. 6229, pursuant to Chapter 23413, which provided for the construction of a municipal auditorium. The above resolution, in conformity with its charter provisions, was submitted to the freeholders of the City of Miami Beach and the voters at an election approved the issuance of bonds in the sum of $750,000 and the proceeds thereof were to be used in the construction of a public or municipal auditorium to be used for the entertainment of its winter visitors to Miami Beach.
The bonds were duly validated and sold and the proceeds properly used in the construction of the municipal auditorium. The service costs of the bonds are borne by the taxpayers of said city and at regular intervals blocks thereof are retired or paid out of the general revenue fund, which in part is supported by an ad valorem tax on all the property within said city. For the purpose of entertainment of its winter visitors the City of Miami Beach booked for its municipal auditorium theatrical attractions, from time to time, reasonably calculated to be of interest to its visitors.
It appears by the record in this cause that Starlight Corporation, and its lessee, are engaged in the amusement or entertainment business in Miami Beach similar in many respects to the business conducted by the city through its municipally owned auditorium. Accordingly, it filed a bill of complaint in which it contended it was beyond the charter power of the City of Miami Beach to operate its theatrical or amusement business in competition with the privately owned business of Starlight Corporation and its lessee. It was contended the City of Miami Beach had the power to own the municipal auditorium but was without power to operate same as was shown in the bill of complaint in competition with the privately owned business of the plaintiffs.
Answers were filed to the bill of complaint by the named defendants and the cause was heard in the Court below by the Chancellor on final hearing on bill and answers, which resulted in a decree of dismissal. The plaintiffs appealed. The following question is submitted as controlling:
Does a municipal corporation which has been authorized by the Legislature "to construct an auditorium" possess the power to engage in the entertainment business by hiring an auditorium manager with the duties, inter alia, of booking stage productions, theatrical attractions, concerts, sports events, and similar activities to be presented in the said auditorium?
The City of Miami Beach, on May 7, 1951, when setting the cause down on motion for final decree on bill and answer *8 under Equity Rule 40, 31 F.S.A. represented: (1) that the cause was at issue on January 5, 1951; (2) that the answer of the defendant city put in issue all the material allegations of the bill of complaint; (3) that more than two months had elapsed since the cause was at issue and no testimony had been taken; (4) the relief prayed against the city had become moot or was impossible of performance because of the lapse of time, as the season for theatrical attractions had passed. It is settled law that on hearing on bill and answer after the time for taking testimony has expired, every allegation in the answer responsive to the bill of complaint is taken as true and if the answer denied all the material allegations of the bill of complaint, the issues are made by the denials and a final decree should be entered against the party having the burden of proof. Davis v. Wilson, 139 Fla. 698, 190 So. 716, and Stoltenberg v. Hughes, 154 Fla. 519, 18 So.2d 475.
It is not disputed that the plaintiffs-appellants are taxpayers of the City of Miami Beach and have a lawful right to maintain this suit. Likewise, the issuance of a temporary restraining order restraining the exhibition of theatrical productions, musical comedies and other similar type and form of entertainment in the municipally owned auditorium would have been an idle gesture at the time the cause was heard by the Chancellor below. It was within the power of the plaintiffs-appellants to take testimony in support of the material allegations of the bill of complaint, but this was not done.
On the question of the power or authority of the City of Miami Beach to use the municipal auditorium for the booking of theatrical attractions, concerts, sports events, and similar activities through its specially retained agent, we must not lose sight of the fact that visitors to Miami Beach during the winter months are an important business and materially affect the economic life of that community. It is true that Chapter 23413, supra, does not in clear language provide that the city employ an agent and book the several attractions for the municipal auditorium, but it does authorize its construction and ownership and is clearly designed to accommodate winter visitors to that area. It may be inferred that the power to own the auditorium carries with it, by implication, the power and authority to operate it in behalf of the public interest or the economic welfare of the City of Miami Beach.
We fail to find error in the record.
Affirmed.
SEBRING, C.J., and ROBERTS and MATHEWS, JJ., concur.