ALTON PIERCE AND GEORGE A. PATTON, APPELLANTS, VS. J. M. BRUNSWICK AND BALK CO., APPELLEE.

When B. holds a mortgage on personal property that is assessed for State and county taxes as the property of the mortgagor and is sold to pay the taxes so assessed, and B. files his bill to set aside said sale, charging collusion, fraud and combination between the mortgagor, the collector of revenue and the purchaser of the property at said sale to make said sale in order to relieve said property of the mortgage lien, and the collector and purchaser answer said bill and deny all fraud, collusion and improper action on their part to effect said sale, and the case is here upon bill, exhibits, answer and general replication, the bill should be dismissed as to the collector of revenue and the purchaser at said sale.

Appeal from the Circuit Court for Franklin county.

JUDGE McCLELLAN, of the First Circuit, sat in the place of Justice Raney, who was disqualified.

The appellee, a corporation under the laws of Ohio, filed its bill in the Circuit Court of Franklin county, August 21, 1884, against J. M. McNiel, Alton Pierce and Geo. A. Patton, Collector of Revenue of Franklin county.

The bill of appellee alleges that J. M. McNiel, on March 19, 1883, was indebted to it in the sum of $184, for a carom table and appurtenances which he had purchased from appellee, that he gave his promissory notes, ten in number, each for the sum of $18.40, each payable in one, two, three, four, five, six, seven, eight, nine and ten months respectively from the date thereof, and for the better securing of said notes he gave his mortgage deed upon said carom table and appurtenances. That said mortgage deed was duly recorded in Franklin county, the 21st day of March, 1883; that all of said notes were due and unpaid except the first, which had been paid; that said McNiel had no property and was totally insolvent; the appellee has no other security of said mortgage debt. That said McNiel, Alton Pierce and Geo. A. Patton, as Collector of Revenue, combined, confederated and colluded together for the purpose of relieving said goods and chattels from the mortgage lien aforesaid, and depriving the appellee of its security and defeating the collection of its mortgage debt, and to that end said McNiel purposely and fraudulently refused to pay said debt. That Geo. A. Patton, as Collector of Revenue, as aforesaid, on the 5th day of May, 1884, purposely sold said mortgaged property, of the value of $184, to satisfy an assessment made against said property for State and county taxes for 1883 for $5.20, and bid the same off in the name of Alton Pierce for the price of $50. That said Pierce and Patton were at the time of said sale copartners, and that said sale

and purchase was made for their benefit. That said sale was made without a proper levy and without proper notice as to time and place of sale. That appellee subsequent to said sale tendered to said Patton said tax and costs of sale, which was refused by him ; that said McNiel at the time of said sale had other personal property that was liable to a levy of said tax and sufficient to pay it, but that said Patton fraudulently neglected to levy upon it for said tax, but levied upon said mortgaged property for the same and fraudulently combined with said Pierce to prevent any one else from bidding on said property at said sale ; that ever since said sale said Pierce and Patton had treated said mortgaged property as their own. The bill prays that said sale made by said Patton of said mortgaged property and purchased by said Pierce may be set aside ; that an account be taken for principle and interest due on said mortgage debt, and that McNiel be made to pay it, and that in default of payment said mortgaged property may be sold to pay the same. McNiel failed to answer said bill ; Patton and Pierce made answer to the bill admitting said sale but denying all combination, confederation or collusion between each other, and said McNiel, for the purpose of relieving said mortgaged property from said mortgage lien or depriving said appellee of its debt, claiming that said property was legally levied upon for the taxes assessed for 1883, and after thirty days' notice legally given said property was sold at the proper place on the 5th day of May, 1884, and purchased by said Pierce for his individual benefit, and that said Patton at no time had any interest in the same. The answer of said Patton admits that the amount of the tax due from McNiel was $5.20 for State and county for the year 1883, assessed on said carom table only, and not as amount assessed on any other property of said McNiel, but was the State and county tax on said table, assessed in ac-

cordance with the value thereof; denies having any knowledge of any fraudulent purpose on the part of said McNiel in failing to pay said tax so assessed against said table ; admits that said McNiel was insolvent and had no other property on which said levy could be made, and that he owned no other personal property upon which an assessment was made for State and county taxes for the year 1883. The answer of said Pierce is, in effect, the same as that of said Patton. To these answers a general replication was filed, the cause set down and heard upon the bill, exhibits, answers and replication ; the court below decreed that said sale of said carom table for taxes be set aside and be declared null and void, and that the property be sold to pay said mortgage debt.

From this decree Patton and Pierce appealed to this court.

*John A. Henderson* for Appellants.

*John W. Malone* for Appellee.

JUDGE McCLELLAN delivered the opinion of the court:

The appellants assign some six different grounds of error upon which they ask a reversal of the decree made by the court below, only one of which this court deems it necessary to consider, and that is the first, which is that the complainant had no such case as entitled it to relief in a court of equity against them or either of them. There is nothing alleged by appellants against the mortgage, its execution, its record, or that the mortgage debt was actually due and owing. The only question for this court to consider is the validity of the tax sale made by Geo. A. Patton, on the 5th day of May, 1884, of the billiard table embraced in said mortgage and under an assessment for State and county taxes for the year 1883. This assessment, as appears from

the bill and answers, was made for the year 1883, and upon the table and fixtures embraced in the mortgage alone and upon no other property of said J. M. McNiel, the mortgagor. It was assessed as the property of said McNiel. But it does not appear at what valuation the carom table and fixtures were assessed for the year 1883. Neither the bill nor answers furnish definite information upon this point, and therefore this court is unable to determine whether the amount given as assessed as State and county taxes for the year 1883, under which the property was sold, was excessive, illegal and improper, or not. The answers of Patton and Pierce are responsive to the allegations of the bill upon all the points in regard to fraud, collusion and the purchase of the property on the joint account of Patton, the Collector of Revenue, and Pierce. The case was heard upon the bill, answers and general replication. The equities of the bill are denied by the responsive answers of the defendants, and the court below erred in giving relief to the complainant.

The decree of the court below is reversed and the cause remanded, with instructions to dismiss the bill as to Patton and Pierce, unless the complainant makes application to amend the same.