W. H. Cowan and E. R. Ogilvie, Appellants, v. B. J. Skinner, as Administrator With the Will Annexed of the Estate of R. G. Skinner, Deceased, Appellee.

1. A tax deed is not void upon its face when it gives the name of the grantee, the numbers of the tax certificates, the dates of the tax sales for unpaid taxes of stated years, the name in which the property was assessed, the amount paid for the certificates, a description of the land, besides the other recitals prescribed by the statute, and the execution is in the prescribed form.

2. The statute does not require a tax deed to recite the particular certificate on which the deed was issued when there are several certificates covering the land, nor does it require that the taxes for all the years subsequent to the original sale shall be accounted for in the tax deed.

3. Where a tax deed is executed in compliance with the form and substance of the statute, it is by statute made prima facie evidence of the regularity of the proceedings from the valuation of the land to the date of the deed.

4. Without the aid of a statute courts of equity do not grant injunctions to restrain the mere trespass of taking turpentine from trees upon lands when such trespass can be compensated in damages in an action at law.

5. Independent of statutes an injunction to restrain trespasses on real estate can be obtained only upon a clear showing of the inadequacy of the remedy afforded by an action at law for damages.

6. Equity may, independent of statute, enjoin the destruction of or injury to growing trees when the inadequacy of the remedy at law is because of the value and use of the trees as a part of the estate, the destruction or injury of which would be an actual and irreparable injury to

Cowan et al. v. Skinner, Admr.—Syllabus.

the owner of the land in the use and enjoyment of his estate, that cannot be adequately compensated for in damages.

7. In cases where equity will, independent of statute, enjoin the destruction of or injury to growing trees, the court may proceed to an accounting and award damages for the trespass as an incident to the relief by injunction. But when the injunction is granted under a statute upon grounds which would not be sufficient independent of the statute, the court cannot legally proceed to an accounting and award damages for the trespass, since in such a case the defendant is entitled to a jury trial on the question of damages.

8. It is competent for the legislature to give a new right to an injunction to restrain trespasses to preserve property, but the legislature cannot add to such new right to injunction the further right to an accounting and an award of damages in equity thereby depriving the defendant of the right to a jury trial unless the trespasses are of such a nature that equity could have enjoined them independent of the statute, for the reason that the right to a jury trial is secured in all cases where the right existed at the adoption of the State constitutions.

9. Allegations in a bill "that almost the entire value of said lands consists in the said pine trees and their product which the said defendants are carrying away, and your orator being engaged in the manufacture of naval stores was induced to purchase the said lands in order to get the product of such trees, and the said defendants by their trespasses are destroying the value of the said lands for the purpose for which the same were acquired by your orator" did not warrant the granting of an injunction to restrain the trespass at the time the constitutions of the State were adopted, therefore the granting of an injunction now in such a case by virtue of a

statute cannot deprive the defendant of a jury trial as to damages caused by the trespass.

10. Allegations in a bill for an injunction to restrain trespasses upon timber lands, that several trespasses by taking turpentine from the trees have been committed by the same parties, and that an action at law has been instituted to recover damages for such trespasses, and that one of the trespasses has occurred since the action at law was brought, do not state an equity to prevent a multiplicity of suits, there being no showing of the inadequacy of the remedy by action at law for damages.

This case was decided by Division A.

Appeal from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the Court.

*Geo. U. Walker,* for Appellants;

*W. B. Young,* for Appellee.

WHITFIELD, J.: On March 23rd, 1905, R. G. Skinner filed a bill in equity in the Circuit Court for Duval County against the appellants, alleging repeated acts of trespass upon the lands of the complainant by dipping turpentine from boxes in the trees on said lands. An injunction and an accounting were prayed for. The complainant having died the administrator with the will annexed of the estate was admitted as party complainant. After the hearing on the bill, answer, replication and testimony, the injunction was made perpetual, and, an accounting having been had over defendant's objection, the damages sustained by

the complainant because of the trespass were included in the final decree. An appeal was taken from the order granting the injunction as well as from the final decree. The only assignments of error argued are: (1) Overruling objections of the defendants to the introduction in evidence of a tax deed from the State to Uriah Bowden; (2) admitting evidence as to an accounting for damages and awarding damages in the decree.

The objections to the introduction of the tax deed when it was offered in evidence were, that it is void upon its face; that it has not been shown outside of the deed itself what particular certificate of those referred to in the deed the conveyance was based on; that it does not appear from the deed or otherwise that all the outstanding tax certificates were purchased or surrendered on the date of the deed; that it appears from the face of the deed that the taxes for the years 1890, 1892 and 1898 are unaccounted for; and because said deed does not comply with the statute in form and substance.

The tax deed seems to be in strict compliance with the statute. It gives the name of the grantee, the numbers of the tax certificates, the dates of the tax sales for unpaid taxes of stated years, the name in which the property was assessed, the amount paid for the certificates, a description of the land, besides the other recitals prescribed by the statute, and the execution is in the prescribed form, therefore the deed cannot be said to be void upon its face. The statute does not require the deed to recite the particular certificate on which the deed is issued when there are several certificates covering the land. The deed recites that the applicant for the deed "has redeemed (or purchased and surrendered ),all other outstanding tax certificates covering said land." This is all the statute

requires.   The statute does not require that the taxes for all the years subsequent to the original sale shall be accounted for in the tax deed.   The deed does comply with the form and substance of the statute on the subject, and such deed is by Chapter 5150 of the Acts of 1903 made *prima facie* evidence of the regularity of the proceedings from the valuation of the land to the date of the deed.

The only other assignment of error argued is the accounting and award of damages contained in the decree.

It is contended that the jurisdiction of the court to grant injunctions in this case is purely statutory, and that, consequently, under the decisions of this court, there can be no accounting and award of damages as incidental to the injunction granted, under the statute.

Prior to the enactment of Section 2, Chapter 3884, Laws of 1889, Section 1469, Revised Statutes of 1892, Section 1919 of the General Statutes of 1906, an injunction to restrain trespasses on real estate could be obtained only upon a clear showing of inadequacy of the remedy afforded by an action at law for damages.   When the inadequacy of the remedy afforded at law is because of the value and use of the trees growing upon the land it must be clearly shown that the trees are of such peculiar value because of their condition or use as a part of the estate, that their destruction or injury would be actually an irreparable injury to the owner of the land in the use and enjoyment of his estate, and cannot be adequately compensated for in damages in an action at law, and that such destruction or injury is actually threatened under conditions sufficient to accomplish such destruction or injury. Shipley v. Ritter, 7 Md. 408; Jerome v. Ross, 7 Johns. Ch. (N.Y.) 315; 16 Am.

& Eng. Ency. Law 361. This is a well established ground of equitable intervention independent of any statute, and in a proper case brought under this rule the court may, in granting the injunction, proceed to an accounting and award damages sustained by the trespass, as an incident to the relief by injunction. Wiggins v. Williams, 36 Fla. 637, 18 South. Rep. 859, 30 L. R. A. 754; 1 Pomeroy's Eq. Jur. Sec. 181; 16 Cyc. 107 *et seq.*

In the case of Woodford v. Alexander, 35 Fla. 333, 17 South. Rep. 658, where it was held that the trespass alleged did not warrant an injunction, which decision was expressly disapproved in Brown v. Solary, 37 Fla. 102, text page 113, 19 South. Rep. 161, the trespass alleged was the felling and removal of cypress timber from swamp and overflowed lands whose chief and in fact only value consisted in the cypress timber growing thereon. In the Woodford v. Alexander case, it seems that the allegations as to the felling and removing of the timber constituting the chief and in fact only value of the lands which were overflowed, would have warranted an injunction under the rule above stated.

Without the aid of a statute courts of equity do not grant injunctions to restrain the mere trespass of taking turpentine from trees upon lands when such trespass can be compensated in damages in an action at law. Carney v. Hadley, 32 Fla. 344, 14 south. Rep. 4, 22 L. R. A. 233, S. C. 37 Am. St. Rep. 101.

Where an injunction to restrain trespass upon real estate is granted solely under the provisions of the statute, Section 1469 of the Revised Statutes of 1892, Section 1919 of the General Statutes of 1906, which provides that "courts of chancery shall entertain suits by any person

claiming to own any timbered lands in this State to enjoin trespasses on such lands by the cutting of trees thereon, or the removal of logs therefrom, or by boxing or scraping the said trees for the purpose of making turpentine, or by the removal of turpentine therefrom," and the trespasses complained of are not of such a character and committed under such conditions as afford a ground for equitable cognizance independent of the statute, the relief is confined to the granting of the injunction as authorized by the statute, and cannot legally extend to the stating of an account and the awarding of damages sustained by reason of the trespasses, since the defendant is entitled to a jury trial on the question of damages according to the course of the common law where they can not be ascertained and awarded as incidents to equitable relief upon established equitable grounds independent of the statute. It is competent for the Legislature to give a new right to an injunction to restrain trespasses to preserve property, but the Legislature cannot add to such new right to an injunction, the further right to an accounting and an award of damages in equity unless the trespasses are of such a nature that equity could have enjoined them independent of the statute. In the latter case the accounting and the award of damages as incidents to the equitable relief were recognized as proper procedure at the adoption of the constitutions of the State preserving the right of trial by jury in all cases in which it then existed. Wiggins v. Williams, 36 Fla. 637, 18 South. Rep. 859; McMillan v. Wiley, 45 Fla. 487, 33 South. Rep. 993.

The allegations as to the character of the trespasses in this case are "that almost the entire value of said lands consists in the said pine trees and their product which the said defendants are carrying away, and your orator

being engaged in the manufacture of naval stores was induced to purchase the said lands in order to get the product of such trees, and the said defendants by their trespasses are destroying the value of the said lands for the purpose for which the same were acquired by your orator."

The particular acts of trespass complained of are, that on the 6th and 7th days of February, and on the 21st day of March, the defendants went upon said lands, and though forbidden to do so, persisted and dipped the turpentine from the boxes in the said trees and carried the same away, and will continue to chip the boxes and carry away the turpentine from said trees unless restrained by the court.

The bill also alleges that on the 10th day of February, 1905, the complainant "caused suit to be commenced on the common law side of this court to recover damages for said trespasses and said suit is still pending."

The contention is that there is no such showing as will give a court of equity jurisdiction to grant an injunction independent of the statute above quoted, and that the decree awarding damages is unauthorized and erroneous.

The allegations of this bill do not come up to the requirements of the rule stated above, in that it is not alleged that the land is valuable only for turpentine purposes. The allegation is that the pine trees and their product constitute almost the entire value of the land, and there is no allegation of the destruction of the trees; neither is there an allegation that the injury cannot be compensated in damages, if this latter allegation would suffice in a case like this; therefore there is no such irreparable injury shown as will authorize a court of equity to grant an injunction independent of the statute,

and this being so there was no jurisdiction to require an accounting and an award of damages for the trespass.

This is particularly so in this case since it is alleged that an action is pending for the alleged trespasses; and the fact that one of the trespasses is alleged to have occurred subsequent to the bringing of the action at law will not give equity jurisdiction independent of the statute, since such allegations do not bring the case within the rule as to multiplicity of suits in cases of trespass. See Carney v. Hadley, 32 Fla. 344, 14 South. Rep. 4.

For error in decreeing damages the decree is reversed and the cause is remanded.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.