J. BRUCE YOUNG and GEORGIA BOBZIN, joined by her husband, R. R. BOBZIN, for the purpose of this suit, *Appellants,* v. LEONARD J. CURTIS and SARAH CURTIS, his wife, joined for the purpose of this suit by her husband, LEONARD J. CURTIS, and EMMA K. YOUNG, a widow, *Appellees.*

146 So. 543.

En Banc.

Opinion filed February 21, 1933.

*H. E. Couchman,* for Appellants;

*Newlin & McCardell,* for Appellees.

DAVIS, C. J.—Bill of complaint in equity was filed on November 21, 1930. Answer to the bill was filed February 2, 1931. On March 2, 1931, motions to strike certain parts

of the answer were interposed. Demurrer to the answer was also filed on the same date (under Chapter 13660, Acts of 1929, which was then in force). On April 11, 1931, the motion to strike, motion for compulsory amendment, and demurrer to the answer were severally overruled. On April 21, 1931, a special master to take testimony was appointed. On June 1, 1931, the cause was set down for final hearing, on bill and answer, no testimony having been taken. On June 6, 1931, order was entered denying a motion to dismiss the bill without prejudice. On the same date, final decree was entered on the bill and answer. The final decree dismissed the bill on its merits.

The appeal from the final decree presents the single question whether or not the Court erred in entering the final decree.

The general rule is that the time for taking testimony in a chancery cause does not begin to run until the cause is at issue. But the mere filing of an answer puts the cause at issue as of the date of the answer, to which no reply is made. See Section 4907 C. G. L. 3121 R. G. S. But when a reply is made within the time allowed by law to reply, such as by filing motions and other pleadings authorized to be filed to attack the answer, the cause should not be deemed at issue until the pleadings are settled by disposing of the motions, or other attacks on the answer.

In this case, however, the Court entered its order on April 21, 1931, declaring the cause to be at issue for taking testimony. Although the case continued to pend with that order outstanding, no attempt was made to take any testimony prior to the time the cause was set down for final hearing on June 1, 1931. The attacks on the answer by complainants' pleadings stood finally disposed of, when the order appointing a special master to take testimony was entered.

No showing is made here that the time elapsing between April 21, 1931, and June 1, 1931, when the cause was set down for final hearing, was insufficient to enable complainants to take their testimony. Nor does the record show that complainants desired to take any testimony or had any testimony to offer. The most that is shown is that complainants conceived they had the right to have the case lie undisposed of until three months from April 21, 1931, when the case became at issue through final disposition of the attacks on the answer, and that they insisted on the recognition of that right as a matter of technical procedure.

Conceding that the complainants did have three months from April 21, 1931, within which to take testimony, no special order to the contrary having been entered (See Rule 71, Circuit Courts in Chancery, as amended November 1, 1926). It does not follow that the denial of the right constitutes reversible error in the absence of some showing that complainants had testimony to offer, or that they would have offered such testimony, had they been given opportunity to do so.

Reversals here are for prejudicial, not merely formal, errors, in matters of procedure. See Section 449 C. G. L., 2812 R. G. S. Prejudicial error has not been shown in the entry of the final decree on bill and answer in this case, nor in the denial of complainants' motion to dismiss the bill without prejudice under the circumstances. Johnson v. Vining 96 Fla. 304, 118 Sou. Rep. 475.

Affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.