LAWRENCE HERNANDEZ v. BOARD OF COUNTY COMMIS-
SIONERS OF HILLSBOROUGH COUNTY.

153 So. 790.
Opinion Filed March 7, 1934.
Petition for Rehearing Denied April 13, 1934.

*L. D. McGregor* and *Whitaker Brothers,* for Plaintiff in Error;

*John B. Sutton* and *Henry C. Tillman,* for Defendants in Error.

PER CURIAM.—Hernandez was elected Justice of the Peace of District No. 3, Hillsborough County, and thereafter qualified and assumed the duties of his office for the

four-year term beginning January, 1933. In January, 1932, the Hillsborough County Commissioners had redistricted the county into various Justice of the Peace Districts and the general election of 1932 was had for the several elective positions represented by the justice of the peace district as they existed when the general election of 1932 was held. The effective date of the redistricting was fixed as January 1, 1933.

On July 28, 1933, some months after Hernandez had qualified and entered upon his duties as Justice of the Peace of District No. 3 of Hillsborough County as fixed by the County Commissioners' resolution of January 20, 1932, the County Commissioners by resolution attempted to readjust the boundary lines and territory of Justice of the Peace Districts Nos. 3 and 1 by taking off certain territory from District 3 and adding it to District 1. This resolution was rescinded after adoption.

On November 3, 1933, Hernandez, averring in his bill of complaint that the County Commissioners were again threatening to take up the matter of whether or not the boundaries of Justice of the Peace Districts 3 and 1 should be so changed as to materially reduce the territorial jurisdiction of Hernandez's district by taking away from it a substantial amount of territory for the purpose of adding it to District No. 1, obtained an injunction against the Board of County Commissioners restraining them from passing any resolution, order or mandate changing the existing lines of Justice of the Peace District No. 3 presided over by Hernandez. Thereafter on December 19, 1933, motion to dismiss the bill of complaint and to vacate the temporary injunction was granted and the bill dismissed, whereupon Hernandez appealed.

Assuming that the Court below had the right to award injunctive relief against the mere preliminary threat of the

Board of County Commissioners to pass a resolution changing the existing Justice of the Peace District lines in the manner alleged, it does not follow that the Chancellor erred in dismissing the bill and in dissolving the injunction.

Hernandez was elected and qualified as a Justice of the Peace in and for District No. 3 of Hillsborough County as it was laid out, constituted and defined by the Board of County Commissioners on the date of the General Election held in November, 1932. His commission as a Justice of the Peace in and for District No. 3 must be construed as having reference to the Third Justice of the Peace District as it existed in contemplation of law at the time when Hernandez was elected.

Mere allegations that a Board of County Commissioners is threatening to pass resolutions or edicts which, if passed, will be unlawful or ineffective, constitute no ground for injunctive interference with the preliminary internal functioning of the county board. The resolving powers of the board are to be tested by the resolutions or actions that they actually pass. These, if invalid or beyond the county board's powers, can be tested in appropriate proceedings, wherein it may become necessary for the court to determine their enforceability as against any legal rights set up in conflict therewith. But until that time arrives the judicial powers of the courts cannot be invoked to obtain relief against injuries which are supposed to flow from unauthorized resolutions of county commissioners that if adopted, would be subject to appropriate subsequent attack by individuals asserting legal rights inconsistent therewith.

In the case at bar it cannot be said that the Chancellor erred in dissolving the injunction and dismissing complainant's bill to restrain the county commissioners from proposing, discussing or adopting a resolution, order or mandate undertaking to change the existing lines of Justice of

the Peace District No. 3 as presided over by complainant Hernandez, when there is no showing that such resolution if proposed and adopted will, in and of itself, preclude the complainant from asserting any of his lawful rights as opposed thereto so that the appropriate legal effect of the county commissioners' acts *as done,* may be decided in due course of legal procedure. *Non constat* the commissioners, if they finally adopt a resolution on the subject, may postpone its effectiveness until after the next election, or until complainant's commission is terminated by some lawful means.

Affirmed.

DAVIS, C. J., and WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.