R. J. Binnicker v. T. W. Leeper, *et al.*

190 So. 6
Division A
Opinion Filed June 23, 1939

*Wm. M. Taliaferro* and *Gibbons, Vega & Gibbons,* for Appellant;

*Hardee & Martin,* for Appellees.

Buford, J.—The appeal brings for review an interlocutory order, as follows:

"This cause coming on this day to be heard on motion of Fred M. Hahn and Ethel Hahn, his wife, to dissolve the temporary restraining order heretofore issued by this court under date of the 21st day of September, 1938, and after argument of counsel representing respective parties and due consideration, the court is of the opinion that the motion to dissolve should be granted and now, with all parties before the court, and after argument of counsel for the respective parties, the court is of the opinion that temporary injunction restraining the removal or destruction of the ornamental shade trees on the property should be granted;

"It Is Therefore Ordered, Adjudged and Decreed that

the motion to dissolve the temporary injunction heretofore issued by this Court be, and the same is hereby granted;

"It Is Further Ordered, Adjudged and Decreed that the defendants and each of them, and all parties having notice of this order are hereby restrained and enjoined from removing, destroying or injuring in any manner the shade and ornamental trees located upon the following described property, to-wit 'That portion of property lying immediately west and immediately northerly of Lots One of Block One of Haven Beach Sub-division according to map or plat thereof, as the same is recorded in the Public Records of Pinellas County, Florida, which said property is bounded on the West by a seawall, and on the northerly side by the same seawall, and on the east side which was bounded by a cement coping and fence and is now sufficiently marked by a number of trees, the said east line of the enclosure extending in a northerly direction from the north line of said Lot One to approximately the easterly end of said seawall,' until the further order of the court:

"It Is Further Ordered, Adjudged and Decreed that this order become effective upon the plaintiff giving a bond in the amount of Five Hundred ($500.00) Dollars in favor of the defendants and conditioned to pay all damages and costs which may accrue by reason of the issuance of this temporary restraining order:

"It Is Further Ordered, Adjudged and Decreed that all other relief sought by way of temporary injunction be and the same is hereby denied.

"The plaintiff having announced his intention to appeal from this order to the Supreme Court of the State of Florida, and having requested the Court to extend the effective date of this order in order that he may have an opportunity to apply to the Supreme Court for supersedeas, It Is Ordered that the effectiveness of this decree shall not be-

come operative until 12 o'clock midnight, Thursday, September 29, A. D. 1938."

The temporary restraining order mentioned in the challenged order is as follows:

"This cause coming on this day to be heard·upon the application of the plaintiff for a temporary restraining order without notice, and the court having considered the sworn allegations of the bill of complaint, and being advised in the premises; It is thereupon ORDERED, ADJUDGED AND DECREED that the defendants, T. E. LEEPER, HARRY GREEN *and* JAMES MOORE, all citizens and residents of the County of Pinellas, State of Florida, and FRED M. HAHN and ETHEL HAHN, his wife, both residents of Hillsborough County, Florida; be temporarily enjoined and restrained from molesting or interfering with the plaintiff, R. J. BINNICKER, in his possession and ownership, from his possession of that portion of property lying immediately west and immediately northerly of Lot One of Block One of Haven Beach Subdivision, according to map or plat thereof, as the same is recorded in the Public Records of Pinellas County, Florida, which said property is bounded on the west by a seawall and on the northerly side by the same seawall, and on the east side which was bounded by a coment coping and fence and is now sufficiently marked by a number of trees, the said east line of the enclosure extending in a northerly direction from the north line of said Lot One to approximately the easterly end of said seawall.

"You and each of you are hereby further strictly commanded to desist and refrain from molesting or interfering with the plaintiff in his possession of said property hereinafter described and from trespassing thereon in order that said property might be protected and preserved in *status quo* until the rights of the plaintiff to possession of said property can be finally determined upon further order

of the court in this case. You and each of you are hereby further strictly commanded to desist and refrain from any acts which would violate the rights of the plaintiff's possession of said property, and are further commanded to refrain from interfering with said plaintiff in rebuilding or replacing the fence and coping on the easterly line of said property hereinbefore described.

"It Is FURTHER ORDERED, ADJUDGED AND DECREED that a copy of this temporary restraining order be placed in conspicuous places along said easterly line of said enclosure and that the same constitute notice to any and all other persons that said property is in the possession of the plaintiff and should not be violated.

"It is further ORDERED, ADJUDGED and DECREED that this order become effective upon the plaintiff giving a bond in the amount of $500.00 in favor of the defendants and conditioned to pay all damages and costs which may accrue by reason of the issuance of this temporary restraining order."

The bill of complaint contained allegations of ownership of the property involved and of possession thereof by the complainant. It alleged that the defendants had committed certain acts of trespass on the property and, on information and belief, averred that defendants would commit other trespasses.

The only alleged threatened trespass which would result in irreparable injury was that alleged on information and belief that defendants would cut and remove certain valuable trees from and open a thoroughfare through the involved property. We conceive it to be the theory of the bill that the cutting and removal of the trees would be necessary incident to the opening of a thoroughfare and that the injunction prohibiting the cutting and removal of trees precludes the opening of a thoroughfare. Under the allegations of the bill the complainant at most is only en-

titled to injunction which will restrain that act which if committed will cause a damage for which there is clearly an inadequacy for the remedy afforded by an action for damages.

See Cowan v. Skinner, 52 Fla. 486, 42 Sou. 730, 11 An. Cases 452; Masser v. Landon Operating Co., 106 Fla. 474, 145 Sou. 79; Carney v. Hadley, 32 Fla. 344; 14 Sou. 4, 22 L. R. A. 233; A. C. L. Rwy. Co. v. Reagan, 90 Fla. 62, 105 Sou. 141.

It appears that the dissolution of the restraining order which had been entered without notice and including in such order or dissolution an order restraining the defendants from committing the only acts of trespass to which, so far as the pleadings show, injunction may be applied, was without error and, on consideration of the whole record, no reversible error is made to appear.

So the order is affirmed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.