WILLARD W. DAVIS v. W. G. WILSON.

190 So. 716
Division B
Opinion Filed August 1, 1939

*O. E. Williams,* for Appellant;

*P. B. Edwards,* for Appellee.

PER CURIAM.—The plaintiff filed his bill for an injunction October 23, 1937, in the Circuit Court in Polk County, Florida. The injunction sought was to restrain the defendant from permitting his cattle to run upon certain described premises in the said county, the said property being that of the plaintiff.. This relief was sought under and by virtue of Chapter 9580, Laws of Florida 1923 (page 506, Special Acts of 1923), as amended by Chapter 11024, Laws of Florida (page 3667, Special Acts of 1925), commonly called the "No Fence Law."

On October 27, 1937, a hearing was had and a temporary restraining order was issued against the defendant.. At this hearing the plaintiff personally appeared, accompanied by counsel, and the defendant also personally appeared, but was not accompanied by counsel, stating that he would like

to conduct his defense in person. Witnesses were sworn and testimony was taken. At the close of the testimony, the plaintiff, upon interrogation by the court, stated that he had adduced all of the testimony he intended to produce, both for the preliminary injunction and the final decree, unless the defendant produced other evidence. Whereupon the court advised the defendant that he would be given opportunity to give additional testimony should he so desire.

This temporary order was not filed until April 22, 1938.

The defendant filed his appearance December 6, 1937, and his answer on January 3, 1938. The answer denied all of the material allegations of the bill. No further action was taken until April 11, 1938, when the defendant called the cause up for a hearing on bill and answer, the time for the taking of testimony having expired. No further testimony was ever introduced after that taken on the hearing for the preliminary injunction. The court entered final decree making the injunction permanent September 1, 1938. Defendant took this appeal, assigning as errors certain findings of the court as evidenced by the final decree, the entry of the final decree, and the taxing of costs against the defendant.

The defendant, who is here the appellant, is contending that: "Where all the material allegations in the bill are denied in the answer, and the cause then heard on bill and answer, the bill must be dismissed. Pierce v. Brunswick, 23 Fla. 283, 2 Sou. Rep. 366," and, "On a hearing on bill and answer, after the time for taking testimony has expired, every allegation in the answer responsive to the bill is taken as true. Citizens Bank & Trust Co. v. Grey, 100 Fla. 958, 130 Sou. Rep. 274," which is true if there be just the bill and the answer before the court. If there be nothing more

before the court, and the answer denies all of the material allegations of the bill, issues are made by such denials and the decision would be against the party who has taken the burden of proof according to the rules of evidence. Daniell's Ch. Pl. & Pr., 6th Am. Ed., Vol. 1, p. 850; Chatham Investment Co. v. Sunshine Investments, 98 Fla. 783, 124 Sou. Rep. 374; Whittaker v. Eddy, 109 Fla. 535, 147 Sou. Rep. 868.

Where all the equities of the bill are denied by the answer, the temporary injunction granted prior to the answer is not dissolved automatically or as of course. The granting and continuing of injunctions rest in the sound discretion of the court, dependent upon surrounding circumstances. Carter v. Bennett, 6 Fla. 214; Linton v. Denham, 6 Fla. 535. The granting of temporary injunctions is within the sound discretion of the court, "according to the weight of evidence." Campbell v. White, 39 Fla. 745, 23 Sou. Rep. 555; Sullivan v. Moreno, 19 Fla. 200; Dade Enterprises v. Wometco Theatres, 119 Fla. 70, 160 Sou. Rep. 209.

In cases where the sworn bill has been filed, and a hearing had and testimony taken for the issuance of a temporary injunction or restraining order, and the answer does nothing more than deny the allegations of the bill; then the court, upon final hearing on bill and answer where no additional testimony has been adduced, will look to the bill and the testimony given at the preliminary hearing to see if the temporary injunction was properly issued in the first instance. Reversals here are for prejudicial, and not merely formal, errors, in matters of procedure. Section 4499, Compiled General Laws of Florida 1927; Young, et al., v. Curtis, et al., 108 Fla. 348, 146 Sou. Rep. 543.

Where in its final decree the court refers to the testimony

taken at the hearing for the temporary injunction, where both parties to the action were present and testified, it is incumbent upon the party complaining of an abuse of the discretion of the court to see to it that such testimony is in the record in order for this Court to question or review the findings of the court below.

In the instant case, however, the judgment is reversable on other grounds. The bill utterly fails to allege sufficient facts to give a court of equity jurisdiction of the cause. The statute relied upon also fails to give a court of equity jurisdiction. Chapter 11024, Section 12, p. 3668, Vol. 2, Laws of Florida, Special Acts of 1925, states:

"Section 12.—Damages. The owner of any livestock running or roaming at large within Polk County, Florida, whether the owner or owners reside in said county or not, shall be liable to the person damaged for any and all damages caused by such owner's livestock when so running or roaming at large, to be recovered *by suit in any court having jurisdiction.*" (Emphasis added.)

There is nothing herein conferring jurisdiction upon a court of equity unless the bill sets out sufficient facts to entitle the complainant to equitable relief.

The complainant's allegations purporting to entitle him to the relief of a court of equity are:

"(5) That the said defendant owns or has in his possession, custody and control approximately fifteen head of cattle which have been permitted to run at large in violation of the statutes above referred to and to roam and graze upon the properties of the plaintiff above described and that by reason of such roaming and grazing the cattle of the defendant have seriously injured and damaged the citrus trees on said lands of the plaintiff. Plaintiff further avers that he has on divers and sundry occasions notified the defendant

of such damages and requested the defendant to keep his cattle off said lands but that the defendant has failed and refused to do so.

"(6) That irreparable damage will result to the plaintiff unless the defendant is restrained from permitting his said cattle from straying upon and injuring the properties of the plaintiff.

"FORASMUCH, therefore as the plaintiff is without remedy save in a court of equity and to the end that equity may be done, he prays:"

It is a well settled principle of law that facts constituting the basis of alleged irreparable injury must be alleged. Indian River S. S. Co. v. East Coast Trans. Co., 28 Fla. 387, 10 Sou. Rep. 480; Orange City v. Thayer, 45 Fla. 502, 34 Sou. Rep. 573; Metcalf Co. v. Martin, 54 Fla. 531, 45 Sou. Rep. 463; Drew Lumber Co. v. Union Investment Co., 66 Fla. 382, 63 Sou. Rep. 836; Williams v. Dormany, 99 Fla. 496, 126 Sou. Rep. 117. And, where the alleged trespass or threatened injury is to trees standing on land, in order to grant an injunction, it must appear that the trees are of such a peculiar value and importance to the estate as that the alleged injury to them will so affect the uses and purposes for which the estate was designed as to make the injury to them an irreparable loss to the owner. Carney v. Hadley, 32 Fla. 344, 14 Sou. Rep. 4; Cowan v. Skinner, 52 Fla. 486, 42 Sou. Rep. 730, 11 Am. Cas. 452.

This Court has many times previously laid down the rule relative to the granting of injunctional relief, therein setting out the requirements necessary to call for a resort to a court of equity. Woodford v. Alexander, 35 Fla. 333, 17 Sou. Rep. 658; Wiggins & Johnson v. Williams, 36 Fla. 637, 18 Sou. Rep. 859; Brown, *et al.*, v. Solary, 37 Fla. 102.

19 Sou. Rep. 161. · In the Brown case, *supra,* the Court said:

"The court grants relief in cases of trespass where the threatened injury can not be adequately compensated in damages, or where, under the circumstances of a case, the injured party has no adequate remedy at law. The foundation for the jurisdiction of equity to enjoin a trespass is, as stated in the recent case of Wiggins & Johnson v. Williams, 36 Fla. 637, 18 Sou. Rep. 859, the probability of irreparable injury, the inadequacy of pecuniary compensation, the destruction of the estate in the character in which it was enjoyed, or the prevention of a multiplicity of suits."

It is likewise well settled in this State that an injunction will not be issued to restrain an injurious act already committed (Pensacola & Ga. Ry. Co. v. Spratt, 12 Fla. 26; Smith v. Davis, 22 Fla. 405), relief, if any, being in a court of law. Wilkinson v. Woodward, 105 Fla. 326, 141 Sou. Rep. 313; Hernandez v. Board of County Commissioners of Hillsborough County, 114 Fla. 219, 153 Sou. Rep. 790.

To make out a case for an injunction, it must appear that there is at least a reasonable probability, not a bare possibility, that a real injury *will occur if the writ is not granted.* Ruge v. Apalachicola Oyster Canning & Fish Co., 25 Fla. 656, 6 Sou. Rep. 489.

The allegations in the present bill wholly fail to show cause for equitable relief, it appearing from the bill that the only injury complained of is an act or acts already committed. There are no allegations that this is a continuing trespass, or that the cattle of the defendant will continue to roam upon the plaintiff's land unless they be prevented from so doing by the issuance of this injunction. There is nothing in the bill to show that a real injury is likely to result to this plaintiff if the writ is not issued, nor

is there anything in the bill to show that the plaintiff does not have an adequate remedy at law for damages already suffered.

For the above reasons the judgment of the lower court is reversed and the case is remanded with instructions to the court to dissolve the injunction, and dismiss the cause of action, without prejudice.

Reversed.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur.

TERRELL, C. J., concurs in opinion and judgment.

Justices BUFORD and THOMAS not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.