McNULTY, Judge.
Charlotte County brings this interlocutory appeal from an order of the circuit court denying its motion to dismiss a declaratory judgment action praying for in-junctive relief brought by appellee. We reverse.
Appellee claims an interest in certain property in Charlotte County which, allegedly, it proposed to develop into a trailer park. In reliance upon prior zoning actions of appellant, appellee made substantial preliminary expenditures. It now alleges that appellant, by certain resolutions, has indicated an intention to rezone the subject property, in- futuro, adversely to appellee’s interests and to the detriment of its aforesaid proposed development. Sounding in estoppel, the complaint seeks to enjoin appellant from rezoning the property in question.
Appellant’s motion to dismiss the complaint raised numerous grounds, all of which are also urged in this appeal. We need only discuss one point, however, since it is dispositive of this case in its present posture; that is, that this action is prematurely brought.
It is well settled that the exercise of zoning authority is a legislative function [1] *250 involving much discretion. The holding of public hearings designed to inform the legislative body which way to exercise its discretion is an integral part of the legislative process and should not be interfered with by the courts. The property in question has not yet been rezoned and the exact manner of the threatened rezoning is not yet apparent even if it be assumed that it is inevitable. If and when the rezoning takes place appellee may challenge the decision by appropriate means, and may even seek injunctive relief against enforcement thereof if appellee feels it (or its application as to appellee) is invalid. Until that time the suit is premature.[2]
Accordingly, the order appealed from is reversed and the cause is remanded for proceedings not inconsistent herewith.
HOBSON, A. C. J., and MANN, J., concur.

. See, cases cited in 35 Fla. Jur. Zoning Laws, §, 17.

. “Mere allegations that a board of county commissioners is threatening to pass resolutions or edicts which, if passed, will be unlawful or ineffective, constitute no ground for injunctive interference with the preliminary internal functioning of the county board. The resolving powers of the board are to be tested by the resolutions or actions that they actually pass. These, if invalid or beyond the county board’s powers, can be tested in appropriate proceedings, wherein it may become necessary for the court to deter-ine their enforceability as against any legal rights set up in conflict therewith.” Hernandez v. Board of Commissioners of Hillsborough County, 114 Fla. 219, 153 So. 790, 791 (Fla.1934). .See, also, 43 C.J.S. Injunctions § 110.