CHARLES CARROLL (Ret.), Associate Judge.
In. August of 1973 the appellant City of Sweetwater, a municipality in Dade County, by ordinance enacted by the governing body of the city, annexed five acres of land lying in the county, contiguous to that city. In so doing, the city employed a method of annexation prescribed in section 171,16 Florida Statutes 1973. That general act provided that on petition of owners of property so situated in a county the governing body of the municipality by ordinance could annex such property and redefine the boundary lines of the municipality to include said property.
On September 26, 1975, the City of ’Sweetwater filed an action against Dade .County for a declaratory judgment as to the validity of such annexation. In its answer thereto Dade County admitted the action taken by the city,- and presented the contentions that, the general act under *954 which the city made the annexation was not applicable to Dade County; that the method of annexation used was not that which was provided for by Dade County; that the latter was controlling; and that the annexation which had been made by the City of Sweetwater was invalid. With consent of the parties, the court determined the matter by judgment on the pleadings.
In a full and well reasoned opinion and judgment the trial court sustained the contentions of the defendant Dade County. In the concluding paragraphs of the judgment the court held as follows:
“1. The purported annexation by the City of Sweetwater of the five (5) acres of real property involved in this cause is hereby held invalid.
“2. The method of municipal annexation set forth in Section 5.04 of the Dade County Charter presently constitutes the exclusive method of modifying municipal boundaries in Dade County.
“3. Subsections 1(a) through (i) of the Home Rule Amendment constitute those organic areas of autonomy and authority in local affairs conferred upon Dade County by the Florida Constitution and may not be diminished and curtailed by general laws of the State enacted after 1956.”
In so holding, the trial court was eminently correct. By Article VIII, section 6(e) Florida Constitution as revised in 1968, it was provided that section 11 of Article VIII of the Florida Constitution of 1885 (the Dade County Home Rule amendment) remained in full force and effect. In the latter it was expressly stated that the Dade County Home Rule Charter adopted by the electors could provide a method for changing the boundaries of all municipal corporations whose jurisdiction lies wholly within Dade County.[1]
The method provided by the Home Rule Charter was for changes of boundaries of a municipality (which would include an annexation) to be made by the Board of County Commissioners, and that no municipal boundaries should be altered except as thus provided for.[2]
The matter of changing boundaries of municipalities is one of the areas of autonomy conferred on Dade County by the Home Rule Amendment, with the result that the method provided therefor by the Home Rule Charter, pursuant to authorization by the Home Rule Amendment, is effective and exclusive, notwithstanding the existence from time to time of a general state law which makes provision for some other method. Gray v. Golden, 89 So.2d 785, 791 (Fla.1956); Dade County v. Young Democratic Club of Dade County, 104 So.2d 636, 639 (Fla.1958).
Affirmed.

. “§ 11. Dade County, home rule charter. — (1) The electors of Dade County, Florida, are granted power to adopt, revise, and amend from time to time a home rule charter of government for Dade County, Florida, under which the Board of County Commissioners shall be the governing body. This charter:
s}s 5}! * sfs
“(c) May change the boundaries of, merge, consolidate, and abolish and may provide a method for changing the boundaries of, merging, consolidating and abolishing from time to time all municipal corporations, * * * ”

. § 5.04 of the Dade County Home Rule Charter, entitled “Changes in Municipal Boundaries”, provides as follows:
“A. The planning director shall study municipal boundaries with a view to recommending their orderly adjustment, improvement, and establishment. Proposed boundary changes may be initiated by the Planning Advisory Board, the Board of County Commissioners, the governing body of a municipality, or by a petition of any person or group concerned.
“B. The Board of County Commissioners, after obtaining the approval of the municipal governing bodies concerned, after hearing the recommendations of the Planning Advisory Board, and after a public hearing, may by ordinance effect boundary changes, unless the change involves the annexation or separation of an area of which more than 250 residents are electors, in which case an affirmative vote of a majority of those electors voting shall also be required. Upon any such boundary change any conflicting boundaries set forth in the charter of such municipality shall be considered amended.
“C. No municipal boundary shall be altered except as provided by this Section.”