William J. Roberts General Counsel State Association of County Commissioners of Florida Tallahassee
QUESTIONS:
Does s. 100.361, F. S., authorize the recall of members of the governing body of all municipalities and charter counties, regardless of whether the charters of these entities contain provisions respecting the recall of such members?
SUMMARY:
Florida law governing recall of municipal officials officials provides procedures for the recall of members of the governing bodies of all municipalities and charter counties (except Dade County), regardless of whether the charter of the municipality or of the charter county also contains provisions relating to the recall of such members.
Your question is answered in the affirmative.
Section 100.361(1), F. S., provides, in relevant part:
 (1) RECALL PETITION. — Any member of the governing body of a municipality or charter county, hereinafter referred to in this section as municipality, may be removed from office by the electors of the municipality by the following procedure. . . . (Emphasis supplied.)
The meaning of the above-quoted subsection is clear and unambiguous, and it reflects a legislative intent to authorize the removal of `any member' of the governing body of a municipality or charter county (except Dade County) regardless of whether the charter of the municipality or charter county contains provisions respecting the recall of such members. [In AGO 076-167, this office concluded that since there is a constitutional provision (s. 11(1)(g), Art. VIII, State Const. 1885, carried forward by s. 6(e), Art. VIII, State Const. 1968) prohibiting the Legislature from amending or repealing the charter of any municipality in Dade County, s. 100.361, F. S., does not have the effect of repealing or amending any charter provisions relating to recall of the members of the municipal governing body of any municipality in Dade County. Similarly, the terms of the Dade County charter relating to the recall of any commissioner would prevail over s.100.361. See s. 11(1)(i), Art. VIII, State Const. 1885, carried forward by s. 6(e), Art. VIII, State Const. 1968. Cf. Dade County v. Young Democratic Club of Dade County, 104 So.2d 636 (1958), and City of Sweetwater v. Dade County, 343 So.2d 953 (3 D.C.A. Fla., 1977).] See also s. 100.361(9), F. S., stating:
 (9) INTENT. — It is the intent of the legislature that the recall procedures provided in this act shall be uniform statewide. Therefore, all municipal charter and special law provisions which are contrary to the provisions of this act are hereby repealed to the extent of this conflict.
Under these circumstances, the paramount goal in construing the statute is to effectuate the legislative intent. Armstrong v. City of Edgewater, 157 So.2d 422 (Fla. 1963); Florida State Racing Comm. v. McLaughlin, 102 So.2d 574 (Fla. 1958); State Department of Public Welfare v. Bland, 66 So.2d 59 (Fla. 1951); and Ginsberg v. Ginsberg (In re Ginsberg's Estate), 50 So.2d 539 (Fla. 1951). It is fundamental that the intent of a valid statute is the law. State v. Williams, 343 So.2d 35 (Fla. 1977); Small v. Sun Oil Co.,222 So.2d 196 (Fla. 1969); and State v. Knight, 124 So. 461 (Fla. 1929).
Your letter suggests, however, that the terms of s. 100.361(10), F. S., compel a different conclusion. This subsection states: `The provisions of this act shall apply to cities and charter counties which have adopted recall provisions.' I do not believe that this subsection operates to negate the clear terms of subsection (1). The language of subsection (10) is not on its face inconsistent with that of subsection (1); even if such a conflict did exist, the rule of construction is to interpret a statute to effectuate rather than defeat the clear purpose of the Legislature. This principle is amplified by the well established rule providing that when the last sentence in one section of a statute is plainly inconsistent with preceding sentences of the same section and preceding sections, which conform to the Legislature's obvious policy and intent, such last sentence, if operative at all, must be so construed as to give it effect consistent with such other sections and parts of sections and with the policy they indicate. Sharer v. Hotel Corp. of America, 144 So.2d 813 (Fla. 1962); Stateex rel. Johnston v. Bessenger, 21 So.2d 343 (Fla. 1945); and Hall v. State, 23 So. 119 (Fla. 1897). This rule constitutes an exception to the general rule that the last expression of the legislative will is the law, and, in the case of conflicting provisions in the same statute or different statutes, the last in point of time or order of arrangement prevails. Compare State v. City of Boca Raton, 172 So.2d 230 (Fla. 1965), and State v. City of Hialeah, 109 So.2d 368 (Fla. 1959), with Johnson v. State,27 So.2d 276 (Fla. 1946), cert. denied, 329 U.S. 799 (1947). Moreover, in AGO 075-242, this office considered the very issue posed by your letter and concluded that, while the language of what is now subsection (10)
 . . . encompasses a smaller universe than that engulfed by subsection (1), it does not do so in restrictive manner, but rather in what appears to be an effort at further clarification of the broad scope included within subsection (1).
Subsequent to the issuance of AGO 075-242, the 1977 Legislature amended the provisions of s. 100.361, F. S. However, none of the amendments to the statute reveal any legislative intent to change the result reached in AGO 075-242. Moreover, in an advisory opinion issued on November 6, 1978, the Division of Elections concluded that the provisions of s. 100.361 were applicable to municipalities regardless of whether such entities had adopted recall provisions. Division of Elections Opinion DE 078-48. In reaching this conclusion, the division revoked an earlier opinion, Division of Elections Opinion DE 077-09, which had expressed the opposite result. Accordingly, I reaffirm and continue to adhere to the views expressed by my predecessor in AGO 075-242.
In summary, therefore, I conclude that s. 100.361, F. S., provides procedures for the recall of members of the governing bodies of all municipalities and charter counties (except Dade County), regardless of whether the charter of the municipality or charter county contains provisions respecting the recall of such members.
Prepared by:
Patricia R. Gleason Assistant Attorney General