# Third District Court of Appeal

## State of Florida

Opinion filed January 4, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-934
Lower Tribunal No. 15-12831
_____

**Mollie Zweig,**
Appellant,

vs.

**Il Villaggio Condominium Association, Inc.,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Jorge E. Cueto, Judge.

Siegfried, Rivera, Hyman, Lerner, De La Torre, Mars & Sobel, P.A., and Nicholas D. Siegfried and Diane J. Zelmer, for appellant.

Halpern Rodriguez, LLP, and Marc A. Halpern and Priscilla S. Zaldivar, for appellee.


Before WELLS, LAGOA, and LOGUE, JJ.

LOGUE, J.

In the case below, the appellant unit owner filed a lawsuit seeking an injunction to require the appellee condominium association to "refrain from

approving the vertical unit combination" of two units of a neighboring owner. The trial court entered summary judgment against her because her lawsuit was not ripe. We affirm.

Although the condominium association's board allowed the neighboring unit owner's engineer to preliminarily test a concrete slab to determine if combining the units was structurally feasible, no application for permission to combine the units had been filed. As the case stood at the time of summary judgment, therefore, the application to combine the units may ultimately not be filed. If filed, the application may not be approved, and if unlawfully approved, sufficient legal and equitable remedies will exist to address any potential harm to the appellant unit owner. In these circumstances, the claim that the unit owner might be harmed if an application is filed, and if the application is granted, is too attenuated to support a lawsuit. See Condos. on Intracoastal Ass'n, Inc. v. Barnett Bank of Palm Beach Cty., 502 So. 2d 84, 86 (Fla. 4th DCA 1987) (suit to bar association from conducting a meeting to consider amendment to declaration of condominium was premature because the "record contains no evidence to support a finding that the members of the condominium association will in fact pass the amendment"). See generally, Hernandez v. Bd. of Comm'rs of Hillsborough Cty., 153 So. 790, 791 (1934) ("Mere allegations that a board of county commissioners is threatening to pass resolutions or edicts which, if passed, will be unlawful or ineffective,

2

constitute no ground for injunctive interference with the preliminary internal functioning of the county board.").

Affirmed.