# Third District Court of Appeal

## State of Florida

Opinion filed July 28, 2021.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D20-1693
Lower Tribunal No. 20-23439

————————

## CRSJ, Inc., et al.,

Appellants,

vs.

## Miami-Dade County, et al.,

Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Valerie R. Manno Schurr, Judge.

Bercow Radell Fernandez Larkin & Tapanes, Thomas H. Robertson and Nicholas J. Rodriguez-Caballero, for appellants.

Geraldine Bonzon-Keenan, Miami-Dade County Attorney, and James Edwin Kirtley, Jr., Abbie Schwaderer Raurell and Monica Rizo Perez, Assistant County Attorneys, for appellee, Miami-Dade County; Weiss Serota Helfman Cole & Bierman, P.L., and Edward G. Guedes, John J. Quick and Charles M. Garabedian, for appellee, City of Miami Gardens.

Before EMAS, HENDON and GORDO, JJ.

GORDO, J.

Appellants, CRSJ, Inc., DG2, Inc. and Mnar 17800 Ipco Road, LLC, appeal the trial court's order denying their motion for a temporary injunction to halt the processing of an application for annexation that was filed with Miami-Dade County by the City of Miami Gardens.  We have jurisdiction. See Fla. R. App. P. 9.130(a)(3)(B).  Appellants, owners of commercial industrial property within the area to be annexed, argue that the City failed to comply with the mandatory notice and financial impact provisions of the Miami-Dade County Home Rule Charter and Miami-Dade County Code of Ordinances for annexation.  As such, Appellants contend the annexation application is defective and seek to enjoin any future legislative action to effectuate the annexation.  The trial court denied the injunction concluding it lacked jurisdiction to intervene in the ongoing legislative process.  We affirm.[1]

## FACTUAL AND PROCEDURAL BACKGROUND

In June of 2019, the City of Miami Gardens submitted a boundary change application to the Miami-Dade County Clerk of the Board for the annexation of an unincorporated, commercial industrial area of Miami-Dade County.  The Miami-Dade Board of County Commissioners referred the

---

[1] As our opinion focuses solely on the jurisdictional issue, we do not review or address the propriety of the annexation application itself.

application to the County's Planning Advisory Board (PAB). Pursuant to Section 20-6 of the Miami-Dade County Code, the PAB reviewed and considered the boundary change request. After providing the required notice to property owners, the PAB held an advertised public hearing on January 8, 2020. Following the hearing, the PAB adopted a resolution recommending the County Commission approve the proposed boundary change. The matter was set for another public hearing in October pursuant to Section 20-7 of the Code for the County Commission to review and consider the recommendations of the PAB and allow all interested persons an opportunity to be heard on the proposed boundary change. Following the public hearing, the Health Care and County Operations Committee of the County Commission voted to recommend to the County Commission a resolution directing the County Attorney to prepare the appropriate annexation items, including the ordinance and interlocal agreement, to effectuate the annexation. The resolution was scheduled for consideration at the County Commission's November 19, 2020 meeting.

On November 2, 2020, Appellants filed an emergency motion for preliminary injunctive relief to enjoin the County Commission from considering the resolution at the upcoming meeting. Appellants argued the application was defective because no notice was provided to the affected

owners prior to the filing of the application for annexation and the application did not include the tax load on the area to be annexed or the financial impact on the property owners of the proposed annexed area. Appellants contended that there was no adequate remedy for the alleged due process violations and that they would suffer an irreparable harm because the effects of the annexation could not be quantified as damages.

The City and the County responded to the motion for injunctive relief arguing the trial court lacked jurisdiction to grant the injunction since the legislative process concerning the confirmation of the annexation was ongoing and Appellants did not present sufficient evidence to establish the elements necessary to obtain a temporary injunction. The City and the County explained that numerous steps remained before the County Commission's final consideration of and decision on the City's annexation request. They contended that Appellants could not establish irreparable harm because the annexation was not finalized and there would be adequate remedies at law because Appellants could attend future hearings, lobby to express any concerns throughout the process and challenge the validity of any ordinance that was passed.

On November 12, 2020, the trial court held a hearing on Appellants' motion for emergency injunctive relief. The trial court denied the petition reasoning:

> This is a legislative process, and I just have no business being there telling them what to do, because they – have complete discretion without anybody looking over their shoulder. And without the court looking over their shoulder and saying, You're not doing it right, and that your client can lobby the commissioners to try to see it their way, and that's how it works. It's not coming to court and getting an injunction to stop the whole process. It's going and lobbying and talking to them and trying to see – get them to see it your way.

## STANDARD OF REVIEW

We review the trial court's order denying the temporary injunction de novo because the order is based on a legal conclusion. See Lawnwood Med. Ctr., Inc. v. Desai, 54 So. 3d 1027, 1029 (Fla. 4th DCA 2011).

## LEGAL ANALYSIS

The Home Rule Amendment to the Florida Constitution, adopted in 1956, and the Miami-Dade County Home Rule Charter, adopted by the electors in 1957, grant the County Commission of Miami-Dade County exclusive authority over municipal boundary changes. See Art. VIII, § 6 (a), (e) Fla. Const. (2012); City of Sweetwater v. Dade Cnty., 343 So. 2d 953, 954 (Fla. 3d DCA 1977) ("The matter of changing boundaries of

5

municipalities is one of the areas of autonomy conferred on Dade County by the Home Rule Amendment, with the result that the method provided therefor by the Home Rule Charter, pursuant to authorization by the Home Rule Amendment, is effective and exclusive . . . ." (citations omitted)).  Section 6.04 of the Charter, governing changes in municipal boundaries, provides that proposed boundary changes may be initiated by the governing body of a municipality.  Section 6.04 further provides:

> B. The Board of County Commissioners, after obtaining the approval of the municipal governing bodies concerned, after hearing the recommendations of the Planning Advisory Board, and after a public hearing, may by ordinance effect boundary changes, with an affirmative vote of the members of the Board of County Commissioners. In making such decision, the Board shall consider whether commercial areas are included in the boundaries of the proposed area to be annexed for the mere benefit of increasing the tax base of the annexing municipality. . . .

> C. No municipal boundary shall be altered except as provided by this Section.

Consistent with the Home Rule Charter, the County Commission adopted procedures in sections 20-1 through 20-9 of the Miami-Dade County Code to process and evaluate proposed annexations.  The procedures require proposed boundary changes to be referred to the PAB for review and require multiple advertised and duly noticed public hearings on any boundary

change request. In the instant case, the City's annexation application was set to be heard at the County Commission meeting. Section 20-7 of the Code requires that "[a]t such public hearing, the County Commission shall review and consider the recommendations of the Planning Advisory Board, and shall afford to all interested persons an opportunity to be heard upon the merits and propriety of the proposed boundary changes." § 20-7, Code of Miami-Dade County. "At the conclusion of such public hearing, the County Commission . . . may deny the requested boundary change, . . . may direct the County Attorney to prepare an appropriate ordinance accomplishing the proposed boundary change, which ordinance shall be placed on the official agenda of a subsequent regular meeting of the County Commission for consideration and adoption on first reading, or . . . may defer such requested boundary change for further consideration at a subsequent meeting . . . ." § 20-7(B), Code of Miami-Dade County.

Appellants seek to have the court intervene to enjoin the County Commission from considering the resolution which would direct the County Attorney to prepare future annexation items. Importantly, the County remains in the middle of an ongoing, and exclusively legislative process concerning the annexation request. Multiple steps remain before the County Commission makes any final decision to adopt an ordinance effectuating the

7

annexation. Even then, the County Commission's adoption of the ordinance is subject to the County Mayor's veto. See Art. 2, § 2.02D, Miami-Dade County Home Rule Charter. Should the County Commission successfully adopt an ordinance approving the annexation, its validity may then appropriately be challenged in the courts.

At this stage, however, there are "no ground[s] for injunctive interference with the preliminary internal functioning of the county board." Hernandez v. Bd. of Comm'rs of Hillsborough Cnty., 153 So. 790, 791 (Fla. 1934). Rather,

> [t]he resolving powers of the board are to be tested by the resolutions or actions that they actually pass. These, if invalid or beyond the county board's powers, can be tested in appropriate proceedings, wherein it may become necessary for the court to determine their enforceability as against any legal rights set up in conflict therewith. But until that time arrives the judicial powers of the courts cannot be invoked to obtain relief against injuries which are supposed to flow from unauthorized resolutions of county commissioners that, if adopted, would be subject to appropriate subsequent attack by individuals asserting legal rights inconsistent therewith.

Id. "No court in this state has the power to determine in advance of its enactment the validity or constitutionality of any act of the Legislature. Any attempt to do so would be a clear invasion by the judiciary of the legislative

8

branch of the government." Collins v. Horten, 111 So. 2d 746, 751 (Fla. 1st DCA 1959).

"The nonjusticiability of a political question is primarily a function of the separation of powers." Baker v. Carr, 369 U.S. 186, 210 (1962). "Unlike legal questions, political questions 'fall within the exclusive domain of the legislative and executive branches under the guidelines established by the Florida Constitution.'" DeSantis v. Fla. Educ. Ass'n, 306 So. 3d 1202, 1214–15 (Fla. 1st DCA 2020) (quoting Johnson v. State, 660 So. 2d 637, 646 (Fla. 1995)); see Art. II, § 3, Fla. Const. Miami-Dade County has been vested by the Home Rule Amendment to the Florida Constitution with the exclusive domain over municipal boundary changes. The Charter and Code provisions governing boundary changes provide "*no role* for judicial involvement" to interfere with the County's proceedings. See City of Miami v. Vill. of Key Biscayne, 197 So. 3d 580, 583 (Fla. 3d DCA 2016). Thus, the trial court appropriately recognized it lacked jurisdiction.

Even if the court had jurisdiction, Appellants failed to establish the elements for injunctive relief. As discussed, the legislative process is ongoing, so any perceived harm is, at best, speculative. Further, Appellants failed to establish the lack of an adequate remedy at law as the boundary change procedures provide Appellants with the opportunity to be heard at a

public hearing before the County Commission; Appellants may lobby their local representatives to deny the annexation request; and ultimately, if the ordinance is enacted, Appellants may challenge its validity in the courts.

While Appellants' motion seeking judicial intervention to enjoin the legislative process for the proposed annexation was not the appropriate remedy at this juncture, we note that Appellants' plight is not over. "Speech is an essential mechanism of democracy, for it is the means to hold officials accountable to the people." Citizens United v. Fed. Election Comm'n, 558 U.S. 310, 339 (2010). The County's annexation process is exclusively carried out by the people and their elected representatives. As constituents in a representative democracy, Appellants have the power to lobby their commissioners throughout the annexation process and publicly present their views in favor or against the resolution. Rather than participate in that process, Appellants ran to the courthouse steps too quickly. The trial court correctly recognized that the separation of powers essential to our system of governance precluded its intervention.

Affirmed.